RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV 1 6 2010

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT

For the

NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| IN RE | § | CHAPTER 7 |
| | § | |
| GLENN FAVRE | § | CASE NO 08-85264-MHM |
| DEBTOR | § | |
| | § | |
| | § | **TCB** |
| | § | **1:10-CV-3757** |
| Allen Scott Bennett pro se | § | |
| Glenn R. Favre pro se | § | |
| Dale Capelouto pro se | § | |
| CLAIMANT/PLAINTIFF | § | THE HONORABLE MARGARET MURPHY |
| | § | |
| v. | § | |
| | § | ADVERSARIAL PROCEEDING |
| GOLDMAN SACHS, HOLDINGS, INC., et al | § | |
| | § | |
| SUNTRUST BANK | § | 09-AP-09069 |
| HOLDINGS, INC et al | § | |
| | § | |
| FIDELITY NATIONAL | § | AND |
| FINANCIAL GROUP, INC., et al | § | |
| | § | |
| SUNTRUST MORTGAGE, INC., et al | § | |
| OLD REPUBLIC NATIONAL TITLE, INC., et al | § | 09-AP-09075 |
| | § | |
| DEFENDANT | § | |

## COMPLAINT

**PLAINTIFF'S MOTION FOR AN INJUNCTIVE RELIEF AGAINST THE DEFENDANTS' ATTORNEYS, MONICA GILROY ESQ., AND ALICE HUNEYCUTT ESQ., AS AGENTS' OF THE RECIPIENTS OF THE TARP FUND, FOR THEIR WILLFUL VIOLATIONS AND MALICIOUS INTENT TO HARM THE PLAINTIFF, , WITH REGARDS TO FRAUD ENFORCEMENT AND RECOVERY ACT OF 2009 ("FERA")**

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST THE DEFENDANTS FOR THE WILLFUL VIOLATION OF THE A DISCHARGE UNDER SECTION 727 AND THE AFFECTS OF THE DISCHARGE ORDER 11 USC § 524**

**MOTION FOR DEFAULT JUDGMENT AGAINST THE DEFENDANTS FOR FAILING TO ANSWER THE SUMMONS UNDER FED BANK R. 7012**

UNITED STATES DISTRICT COURT

For the

NORTHERN DISTRICT OF GEORGIA

COMES NOW GLENN FAVRE, Allen Scott Benntt and Dale Capelouto and files for a motion for Injunctive Relief, Motion for Summary Judgment and Motion for Default Judgment against the Defendants and shows this Honorable Court:

## THE DEFENDANTS HAVE VIOLATED "FERA" THE NEW SECTIONS 3729(A)(1)(A), (B), (C), (G),[1]

Case History

The defendants, through their agents, who are agents of the recipient of the TARP FUND, have submitted false claims and documents to this Honorable Court on January 20, 2009 and continue to submit to this Honorable Court, with the intent to conceal, knowingly making, used, and causes to be made and used, false records and statements material to the obligation to pay or transmit money or property to the Government, and knowingly conceals and knowingly and improperly avoids or decreases an obligation to pay, such as when found to be in violation in these adversarial hearings, would be

---

[1] The new sections 3729(a)(1)(A), (B), (C), and (G) extend liability to any person who:
(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;
(B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;
(C) conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G);
[ . . . ] or
(G) knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay

UNITED STATES DISTRICT COURT

For the

NORTHERN DISTRICT OF GEORGIA

required to pay into "The Fund" held by the United States Treasury, and the repayment of the TARP FUND.

To hide the identity of the defendants majority stock holder Warren Buffett, specifically by the attorney for; SunTrust bank, Holding, inc, SunTrust Mortgage, inc., Fidelity National Financial Group, and Old Republic National Title, Movant 26, Monica Gilroy, ESQ., of Dickenson Gilroy, LLC., not disclosing that she represents all the interest of all of the Defendants, during the 341 meeting of creditors, showing a willful intent to deceive this Honorable Court and that of the Trustee Gregory Hayes, by concealing the direct conflict of interest with each of the Defendants to one another, to Warren Buffett; who is a majority stock holder BERKSHIRE HATHAWAY Inc, which is the Beneficial Owner in Moody's, which is a majority holding of Old Republic National Title, Inc. Being on the Board of Directors of Goldman Sachs, SunTrust Bank Holdings, Inc., shows that Warren Buffett, along with his interest in Berkshire Hathaway, has a conflict of interest with all of the companies that represent the class "Defendants" , and that of the Monica Gilroy, ESQ., and has filed motions for dismissal, claiming that SunTrust Bank Holdings, Inc is not a legal entity and that Fidelity Financial Group, Inc., is not a Party of this suite, when Fidelity Financial Group, Inc. is the sole provider of the UCC Plus Insurance Policy that insured all of the securitized loans that Moody's Credit Rating Service, Inc. grades as a "Neutral Rating", to deceive the share holder and the Government of the over valued equity per share. Traded on the Commodity Futures Trade Commission Market (CFTC) as Contract Mortgage Obligation (CMO) and Contract Debt Obligations (CDO).

3

UNITED STATES DISTRICT COURT

For the

NORTHERN DISTRICT OF GEORGIA

The Plaintiffs primary residence was transacted identically the same way as the investment properties that the Plaintiff holds and has interest in form SunTrust Bank Holdings, Inc., SunTrust Mortgage, Inc., Berkshire Hathaway and Goldman Sachs, Inc., and were all underwritten by Old Republic National Title, Inc and Fidelity Financial Group, Inc., proving the conflict of interest and the willful intent to deceive and conceal the facts to this Honorable Court.

**The Defendants have violated the discharge Order of the Chapter 7 Bankruptcy, section 727 11 USC 524 of the Plaintiff that this honorable Court issued on April 9, 2009**

Alice Huneycutt, ESQ., of Sterns Weaver Miller Weissler Alhadeff & Sitterson, PA. in Florida, in **an Order to Show Cause** by the Honorable James M. Barton in the 13th Circuit Civil Court of Hillsborough County, Florida, as to why SunTrust is still moving against the property of the estate, which was included disclosed and filed in the schedule of assets, which was discharged in the Order from this Honorable Court, stated to the Honorable James M. Barton that the estate was discharge under section 727 11 USC § 523 when in fact it was discharged under section 727 11 USC § 524[2].. See an

---

1(a) A discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title does not discharge an individual debtor from any debt—
11 USC § 523
(B) with respect to which a return, or equivalent report or notice, if required—
(i) was not filed or given; or
(ii) was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or
**(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—**
**(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;**
**(B) use of a statement in writing—**
**(i) that is materially false;(ii) respecting the debtor's or an insider's financial condition; (iii) on which**

UNITED STATES DISTRICT COURT

For the

NORTHERN DISTRICT OF GEORGIA

**order denying a motion for injunctive relief and summary judgment** by The

Honorable Judge Margaret Murphy of the United States Bankruptcy Court Northern

District of Georgia, in an attempt to deceive the Honorable Judge James M. Barton, and

have him rule in favor of the Plaintiff in the matter of SunTrust Mortgage, Inc v COX

LUMBER CO. d/b/a HD SUPPLY LUMBER & BUILDING MATERIALS a/k/a HD

Supply – LBM Cox Lumber Co and Glenn Favre pro se, civil case number 08-CA-

017979.

The Defendant's attorneys have violated 11 USC §524 by moving forward and

continuing to move against the injunctive relief that arises after the discharge and are

attempting to utilize the state laws under Florida and Georgia; section 454.23, Florida

Statutes (2006), prohibiting the unlicensed practice of law by an individual for a

corporate entity. <u>ecles v. Atlanta technology group inc.</u>, 267 Ga. 801, 803, 485 S.Ed.2d,

22, 25 (GA 1997) to continue with the law suites by naming the corporations and adding

---

the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive;

Verses

11 USC § 524. Effect of discharge
(a) A discharge in a case under this title--
(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;
(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and
(3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1228(a)(1), or 1328(a)(1), or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived.
2

UNITED STATES DISTRICT COURT

For the

NORTHERN DISTRICT OF GEORGIA

"John Does" to the case as members of the corporations, with regards to stopping the pro

se litigation by amending the original complaint filed in 2008, in an effort to prevent the

plaintiff from pro se litigating the case in Florida. By including the corporations that

were administratively dissolved in 2008 in Florida and were included and disclosed in my

chapter 7 as business debt, the willful attempt to conceal or deceive the Courts with this

action is yet another violation of 11 USC § 524 and FCA and FERA by the Defendants

and adding yet another financial hardship to the Plaintiff.


**THE DEFENDANTS FAILED TO ANSWER THE SUMMONS**

**ISSUED OCTOBER 16, 2009 BY THE HONORABLE COURT**

**VIOLATING UNDER FED BANK R. 7012[3]**

---

**Major FCA Amendments Expanding Liability** Under the FERA, the key liability sections of the FCA remain the provisions addressing false claims, false statements supporting false claims, conspiracy, and the reverse false claims and obligation provisions. These provisions have been renumbered as well as expanded to cover additional conduct. **The new sections 3729(a)(1)(A), (B), (C), and (G) extend liability to any person who:(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; (C) conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G); [ . . . ] or (G) knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government.**

Many of the key changes are in the definitions, found in section 3729(b). **Elimination of Allison Engine's Intent Requirement:** Under the Supreme Court's unanimous decision in Allison Engine Co. v. United States ex rel. Sanders, 128 S. Ct. 2123 (2008), FCA liability was limited to fraudulent statements that were designed "to get" false claims paid or approved "by the Government." See FraudMail Alert No. 08-06-09. See also John. T. Boese, Civil False Claims and Qui Tam Actions §2.06[G] (3d ed. 2006 & Supp. 2009-1). The Supreme Court's interpretation in Allison Engine no longer applies after the FERA because the new conspiracy section was drafted to cover only a conspiracy "to get a false claim paid or approved." Courts had properly interpreted this language to limit the conspiracy section to apply only to violations of then-subsection 3729(a)(1), and not to violations of the reverse false claim provision. Moreover, the conspiracy section required that the government pay the false claim. The new conspiracy section, **31 U.S.C. § 3729(a)(1)(C), expands the conspiracy section to include a conspiracy to commit a violation of any other substantive section of the FCA.** The amendment also eliminates the need for the false claim to be paid or approved, and assesses liability for conspiring to commit the violation. Importantly, the word

6

UNITED STATES DISTRICT COURT

For the

NORTHERN DISTRICT OF GEORGIA

---

"knowingly" still does not appear in the language of the new conspiracy section, so the argument remains that a common law liability, including specific intent, is still required to prove a conspiracy under the FCA.

**Liability for Overpayments:** The amended reverse false claims liability provision in section law removes both the "to get" language and the "by the Government" limitation in section 3729(a)(2)—as well as comparable language in sections 3729(a)(3) and (a)(7). Further, it attempts to make those changes in section 3729(a)(1)(B) effective as of June 7, 2009—the date Allison Engine was decided. The Court in Allison Engine found that, without a clear link between a false claim and payment or approval by the government, the FCA would be "boundless" and become an "all-purpose antifraud statute." 128 S. Ct. at 2128, 2130. To replace this rational limitation, the FERA adds a new definition of "claim," and FCA liability will be limited only by requiring some sort of nexus to the government. The FCA now covers requests for funds to a contractor, grantee, or other recipient, if the money or property requested "is to be spent or used on the Government's behalf or to advance a Government program or interest." The legislation does not define the key terms "used on the Government's behalf" or "to advance a Government program or interest," and presumably courts will have to decide their meaning on a case by case basis. No one knows the scope. Are government funds invested in GM or AIG "advanc[ing] a Government program" so that a false claim to those entities will violate the FCA and be enforced by qui tam relators?[5] Recognizing that this new language is not very clear, Senator Kyle attempted to limit its scope: [p]revious understanding, as well as commons sense, dictate that a particular transaction does not "advance a Government program or interest" unless it is predominantly federal in character—something that at least would require . . . that the claim ultimately results in a loss to the government . . . [rather than] any garden-variety dispute between a general contractor and a subcontractor simply because the general receives some federal money. 155 Cong. Rec. S4540 (daily ed. Apr. 22, 2009) (statement of Sen. Kyl). One hopes that Senator Kyle's interpretation is accepted. Future FCA case law will determine whether and to what extent Congress succeeded in overturning Allison Engine through the FERA.

**Materiality Requirement:** In addition to the nexus to the government requirement, the FERA, at long last, specifically incorporates a materiality requirement in the False Claims Act (a position the government and relators fought, without success, for over 15 years), but it defines "material" as "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property," which is the "weaker" materiality standard that has been applied in some FCA cases. See John T. Boese, Civil False Claims and Qui Tam Actions §2.04 (Aspen Publishers) (3d ed. & Supp. 2009-2). How much of a difference will this make? That depends entirely on how literally courts will read this provision. Almost every violation or mistake is arguably "capable of influencing" a payment decision by the government, but many courts in the past have read this test as strongly limiting the application of the FCA. For example, despite applying this "weaker" materiality standard, at least two courts have held that violations of "conditions of participation" in a Federal healthcare program do not result in FCA violations. See United States ex rel. Conner v. Salina Reg'l Health Ctr., 543 F.3d 1211 (10th Cir. 2008); United States ex rel. Landers v. Baptist Mem'l Health Care Corp. 525 F. Supp. 2d 972 (W.D. Tenn. 2007). **Conspiracy:** Under the prior FCA, the 3729(a)(1)(G) quoted above extends new liability to "knowingly and improperly avoid[ing] or decreas[ing] an obligation to pay or transmit money or property to the Government." **Under this provision, there is no need for a person to have taken an affirmative act—a false statement or record—in order to conceal, avoid, or decrease the obligation to the government.** This new provision is even more dangerous because an "obligation" is specifically defined to include within the scope of FCA liability the retention of an overpayment from the government. The term "improperly" is intended to limit this liability, and would presumably exclude overpayments such as those under Medicaid that undergo a reconciliation process. Practitioners will be required, almost immediately after passage, to begin to advise clients whether they have received "overpayments" and the potential liability that could result from retention of such overpayments. Moreover, even though this provision is not retroactive, an overpayment is an overpayment, whether it occurred before or after May 20, 2009. The government and relators are almost certain to argue that this provision applies to overpayments made before the date of the legislation. **Expanded Definition of "Obligation": The definition of "obligation" that triggers reverse false claims liability is expanded**

UNITED STATES DISTRICT COURT

For the

NORTHERN DISTRICT OF GEORGIA

WHEREFORE, Plaintiff Glenn R. Favre pro se Allen Scott Bennett pro se, and

Dale Capelouto pro se requests this Honorable Court award the Motion for Injunctive

Relief against the Defendant's attorneys from continuing to willfully violate the Civil

False Claims Act.

The Plaintiff request this Honorable Court Award a SUMMARY JUDGMENT in

the Plaintiff's favor for the Defendant willful violations of the Discharge Order under

section 727 and show the Defendant what the actual affects of 11 USC § 524, calculated

from the Tier 3 violations.  Total fines of $1,000,000.00 per day, concurrent restitution

paid through "The Fund", held by the Untied States Treasury.

---

to encompass "an established duty, whether or not fixed" that arises from a contractual, grantee, licensee, or fee-based relationship, from a statute or regulation, or from the retention of any overpayment. According to government statements, this is intended to overturn, among other cases, the Sixth Circuit's decision 10 years ago in United States ex rel. American Textile Manufacturers Institute, Inc. v. The Limited, Inc., 190 F.3d 729 (6th Cir. 1999) ("ATMI"), which defined "obligation" to include only established obligations to pay money to the government. In addition to extending new liability to the retention of overpayments, this expanded definition seeks to extend liability to duties to pay fees that were not covered previously because they were not fixed in all particulars. Whether much of an expansion is actually achieved under this provision remains to be seen because even the DOJ concedes that the new language is not intended to extend FCA liability to penalties or fines. (The reader should note that the author represented many of the defendants in the ATMI case.)Effective Date: Under the effective date provision in the FERA, the FCA liability amendments would apply prospectively, with one important exception. The amendment to section 3729(a)(2)takes effect on the date that Allison Engine was decided—June 7, 2008—making that amendment retroactive. The retroactivity of this amendment will raise a host of practical problems in pending cases, and is almost certain to be challenged as unconstitutional because conduct which the Supreme Court defined as outside the scope of FCA liability is, retroactively, now a violation. Were this a normal civil statute, such retroactivity would be allowable. But the Supreme Court has already defined the FCA as an "essentially punitive" statute. Vermont Agency of Natural Res. v. United States ex rel. Stevens, 529 U.S. 765 (2000). Whether a clearly punitive statute can be applied retroactively is a completely different question. Additional FCA Amendments,  In addition to amending the FCA's liability provisions, the FERA includes four other amendments that make recoveries and investigations under the FCA easier. These amendments are as follows: Retaliation: The prohibition against retaliation is expanded to include a "contractor, or agent," in addition to an employee—without requiring prohibited retaliatory acts to be taken by an "employer." Under this unusually broad definition, a retaliation action could be based on many different types of relationships that do not involve an employment contract, which could lead to\ unintended consequences.

3

UNITED STATES DISTRICT COURT

For the

NORTHERN DISTRICT OF GEORGIA

The Plaintiff request that this Honorable Court enter an award for Default

Judgment for failing to respond to the Order of Summons issued on October 16, 2009.

For the willful intent to harm, willful violations to deceive this Honorable Court,

knowingly presenting and making false and fraudulent claims, in an attempt to receive

the approval of this court to rule in their favor, in direct violation of the "Fraud

Enforcement Act" (FERA), knowingly presented false record and made false statements,

material to the Plaintiff's claim that the Defendant willfully violated this courts order in

an attempt to resolve the fraudulent claims made by the Defendants; conspired

collectively to commit the violations, as described in subparagraph (A), (B), (D), (E), (F),

and (G) and  knowingly made, used, and causes to be made and used, a false record and

statements material to an obligation to pay or transmit money or property to the

Government, and knowingly conceals and knowingly and improperly avoids in an

attempt to decreases an obligation to pay or transmit money or property to the

Government.

Restitution will be calculated at 1% of each of the Defendants net Worth per

property that Plaintiff is a member of, to prove the Willful Violations of FCA, FERA, for

the Unfair and Deceptive Pattern, Practice and Trade with the intent to harm and further

asks that this Court award the Plaintiff all of his costs and any further relief which this

Court deems just and proper.   The payment of Contract Disputes Act (CDA) claims is

governed by 41 U.S.C. 612, Subsections 612(a) and 612(b). To prove the Willful

Violations with the intent to harm under FERA AND FCA and further asks that this

Court award the Plaintiff all of his costs and any further relief which this Court deems

9

UNITED STATES DISTRICT COURT

For the

NORTHERN DISTRICT OF GEORGIA

just and proper.

The Plaintiff further request that this Honorable Court Sanction the Defendant

Attorney Alice Huneycutt ESQ. and that of Monica Gilroy, ESQ., for violations of

section 727 and that of the affects of 11 USC § 524, for the violations of The new

sections 3729(a)(1)(A), (B), (C), and (G) and find him in accordance with Tier 3 for the

FERA and the FCA at $1,000,000.00 per day that Monica Gilroy and Alice Huneycutt.,

has allowed these violation to continue and award to the Plaintiff the funds received from

this Judicial Ruling be paid through "The Fund" held by the United States Treasury in

accordance with The payment of Contract Disputes Act (CDA) claims is governed by

41 U.S.C. 612. Subsections 612(a) and 612(b).


_____
Respectively Submitted                      Glenn Favre pro se
                                            PO Box 55064
                                            Atlanta, Georgia 30308
                                            404-951-0550


_____
Respectfully Submitted                      Dale Capelouto
                                            PO Box 55064
                                            Atlanta, Georgia 30308
                                            404-951-0550


_____
Respectfully Submitted                      Allen Scott Bennett
                                            110 Northwold Drive
                                            Atlanta Georgia 30350
                                            6784742866

UNITED STATES DISTRICT COURT

For the

NORTHERN DISTRICT OF GEORGIA


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I Glenn R. Favre, am over the age of 18 years old at the time of this service, that a true and correct copy of the foregoing has been furnished by

U.S. Mail with the correct postage and faxed to:

MONICA GILROY OF DICKENSON GILROY, LLC
CORPORATE COUNSEL:
SUNTRUST BANK, HOLDINGS, INC.
SUNTRUST MORTGAGE, INC.
FIDELITY NATIONAL FINANCIAL GROUP, INC.
OLD REPUBLIC NATIONAL TITLE, INC
3780 MANSELL ROAD SUITE 140
ALPHARETTA GA 30022

Alice R. Huneycutt , Esquire, STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.,
SUNTRUST MORTGAGE, INC,
SUNTRUST Financial Centre, Suite 2200
401 E. Jackson Street, P. O. Box 3299, Tampa,
FL 33601, and by facsimile to (813) 222-5089,

CHARLES K. MCKNIGHT, JR.
NATIONS, TOMAN & MCKNIGHT, LLP
1230 PEACHTREE STREET, NE
SUITE 2050
ATLANTA, GA 30309
404-266-2366
FAX : 404-266-2323
EMAIL: CMCKNIGHT@NTMLAW.COM
*LEAD ATTORNEY* THIS

Certificate of Service

I, Glenn R Favre, certify that I am over the age of 18 and that on ___*11*___ day of November, 2010,  I served a copy of the foregoing Documents

___*Complaint.*_____ in the following cases, Top to Bottom Renovations, LLC, by first class U.S. Mail, with adequate postage prepaid on the following Person(s) or entities at the addresses stated:

Glenn Favre pro se
PO Box 55064
Atlanta, Georgia 30308
404-951-0550

AO 109 (Rev. 12/09)  Warrant to Seize Property Subject to Forfeiture

# UNITED STATES DISTRICT COURT
## for the

### Northern District of Georgia

| | |
|---|---|
| In the Matter of the Seizure of | ) |
| *(Briefly describe the property to be seized)* | ) |
| UNEXPIRED LEASES EXECUTORY CONTRACTS | )   Case No.  08-85264-MHM |
| FOR FAVRE & BENNETT, LLC GLENN ROYCE | ) |
| FAVRE DEBOT IN POSSESSION | ) |

## WARRANT TO SEIZE PROPERTY SUBJECT TO FORFEITURE

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests that certain property located in the _____ MIDDLE _____ District of _____ FLORIDA _____ be seized as being subject to forfeiture to the United States of America. The property is described as follows:
TRANSFER OF INTEREST OF OTHER THAN FOR SECURITY
WRIT OF EXECUTION
ORDER FOR PAYMENT OF UNCLAIMED FUNDS
TO SATISFY CLAIM

I find that the affidavit(s) and any recorded testimony establish probable cause to seize the property.

**YOU ARE COMMANDED** to execute this warrant and seize the property on or before _____

*(not to exceed 14 days)*

❐ in the daytime – 6:00 a.m. to 10:00 p.m.          ❐ at any time in the day or night, as I find reasonable
                                                                           cause has been established.

Unless delayed notice is authorized below, you must also give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

An officer present during the execution of the warrant must prepare, as required by law, an inventory of any property seized and the officer executing the warrant must promptly return this warrant and a copy of the inventory to United States Magistrate Judge _____ MARGARET MURPHY, GANB _____ .
                                                                    *(name)*

❐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ❐ for _____ days *(not to exceed 30)*.

❐ until, the facts justifying, the later specific date of _____ .

Date and time issued: _____          _____
                                                                    *Judge's signature*

City and state: _____          _____
                                                         *Printed name and title*

AO 109 (Rev. 12/09)  Warrant to Seize Property Subject to Forfeiture (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>08-85264-MHM | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of:

Inventory of the property taken:
UNEXPIRED LEASES EXECUTORY CONTRACTS FAVRE AND BENNETT, LLC
GLENN R FAVRE DEBTORS IN POSSESSION

1914 COLUMBUS DR LLC
GLENN ROYCE FAVRE - 8670

1816 15 AVE LLC
JOHN A STOKES -

LOT 14 ESSEX LLC
ALLEN SCOTT BENNETT -

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

AO 91 (Rev. 02/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Northern District of Georgia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| SUNTRUST MORTGAGE, INC. | ) | Case No. 1:08-bk-85264 |
| | ) | |
| | ) | |
| *Defendant* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of   02/02/2008   in the county of _____ USA _____ in the _____ 13 _____ District of
HILLSBROUGH  , the defendant violated _____ U. S. C. § _____
, an offense described as follows:
AMENDED REVERS FALSE CLAIMS ACT AND FRAUD ENFORCEMENT RECOVERY ACT DATED MAY 20, 2009
IN RELATION TO TARP HOLDERS, AGENTS, DIRECTORS, AND REPRESENTITIVES INCLUDING OUTSIDE
COUNSEL, TARP FRAUD, INCLUDING U.S. PATRIOT ACT VIOLATIONS. RICO BY GOLDMAN SACHS, INC.
FIDELITY NATIONAL FINANCIAL, GENWORTH FINANCIAL, REPUBLIC NATIONAL TITLE, SUNTRUST BANK
HOLDINGS, INC. SUNTRUST INVESTMENTS, INC. SUNTRUST ROBINSON HUMPHREY'S INC.  MONICA GILROY,
ALICE HUNEYCUTT, WILLIAMS MULLEN, RON PERROW, ELIZABETH STONEJOSE APONTE.

This criminal complaint is based on these facts:

EMAIL TO WHITE COLLAR CRIMES DIVISION TAMPA NOTING ALL THREE ACCOUNTS FROM SUNTRUST
MORTGAGE FOR FAVRE AND BENNETT, 1816 15 LLC, LOT 14 LLC AND 1914 COLUMBUS DR LLC AND LLC
PARTNERS JOHN STOKES AND SCOTT BENNETT.  SEE CASE FILINGS ATTACHED

☑ Continued on the attached sheet.

_____
*Complainant's signature*

GLENN R FAVRE
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____ 11/16/2010 _____          _____
*Judge's signature*

City and state: _____ ATLANTA DIVISION _____          HONORABLE JUDGE MARGARET MURPHY
*Printed name and title*

B 262
(1/88)

# United States Bankruptcy Court

## NORTHERN     District Of     GEORGIA

In re ,GLENN ROYCE FAVRE, 8670,
Debtor

TOP TO BOTTOM RENOVATION, EMC
SEARCH & DALE CAPELOUTO,
Plaintiff

v.
08-85264-MHM OR TO SHOW CAUSE,
Defendant

Case No. 08-85264-MHM

Chapter IFP GOVT PROOF OF CLAIM

Adv. Proc. No. 08-85264-MHM

## NOTICE OF ENTRY OF JUDGMENT

On _____ 4/11/2009 _____, the following order (judgment) was entered on the docket:
<em>(date)</em>

I certify that on this date a copy of this notice was mailed to the following:

Clerk of the Bankruptcy Court
REGINA THOMAS

MARCH 22, 2010
Date

By: _____
Deputy Clerk<br>HILLARD DILLARD

American LegalNet, Inc.
www.USCourtForms.com

B 261B
(8/96)

# United States Bankruptcy Court

## Northern District Of Georgia

In re __Glenn R Favre__,
Debtor

Case No. __08-85264-mhm__

Chapter __7__

__Glenn R  Favre__,
Plaintiff

v.

__SUNTRUST MORTGAGE, INC.__,
Defendant

Adv. Proc. No. __26__

## JUDGMENT BY DEFAULT

Default was entered against defendant __SunTrust Mortgage, Inc.__
(name)

on _____.  Therefore, on motion of the plaintiff, judgment is entered against that
(date)

defendant in favor of the plaintiff as follows.

IT IS ORDERED THAT:

__HONORABLE JUDGE MARGARET MURPHY__

_____                    _____
Date                                          Bankruptcy Judge

AO 91 (Rev. 02/09) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| SUNTRUST MORTGAGE, INC. | ) | Case No. 1:08-bk-85264 |
| | ) | |
| | ) | |

*Defendant*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of _02/02/2008_ in the county of _____ USA _____ in the _____ 13 _____ District of

_HILLSBROUGH_ , the defendant violated _____ U. S. C. § _____
, an offense described as follows:
AMENDED REVERS FALSE CLAIMS ACT AND FRAUD ENFORCEMENT RECOVERY ACT DATED MAY 20, 2009
IN RELATION TO TARP HOLDERS, AGENTS, DIRECTORS, AND REPRESENTITIVES INCLUDING OUTSIDE
COUNSEL, TARP FRAUD, INCLUDING U.S. PATRIOT ACT VIOLATIONS. RICO BY GOLDMAN SACHS, INC.
FIDELITY NATIONAL FINANCIAL, GENWORTH FINANCIAL, REPUBLIC NATIONAL TITLE, SUNTRUST BANK
HOLDINGS, INC. SUNTRUST INVESTMENTS, INC. SUNTRUST ROBINSON HUMPHREY'S INC. MONICA GILROY,
ALICE HUNEYCUTT, WILLIAMS MULLEN, RON PERROW, ELIZABETH STONEJOSE APONTE.

This criminal complaint is based on these facts:

EMAIL TO WHITE COLLAR CRIMES DIVISION TAMPA NOTING ALL THREE ACCOUNTS FROM SUNTRUST
MORTGAGE FOR FAVRE AND BENNETT, 1816 15 LLC, LOT 14 LLC AND 1914 COLUMBUS DR LLC AND LLC
PARTNERS JOHN STOKES AND SCOTT BENNETT. SEE CASE FILINGS ATTACHED

☑ Continued on the attached sheet.

_____
*Complainant's signature*

GLENN R FAVRE
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____ 11/16/2010 _____

_____
*Judge's signature*

City and state: _____ ATLANTA DIVISION _____ HONORABLE JUDGE MARGARET MURPHY
_____
*Printed name and title*

# United States Bankruptcy Court

## Northern District Of Georgia

In re **Glenn R Favre** ,

Debtor

**Glenn R Favre** ,

Plaintiff

v.

SUNTRUST MORTGAGE, INC. ,

Defendant

Case No. **08-85264-mhm**

Chapter **7**

Adv. Proc. No. **26**

## JUDGMENT BY DEFAULT

Default was entered against defendant **SunTrust Mortgage, Inc.**

(name)

on _____ . Therefore, on motion of the plaintiff, judgment is entered against that

(date)

defendant in favor of the plaintiff as follows.

IT IS ORDERED THAT:

HONORABLE JUDGE MARGARET MURPHY

_____
Date

_____
Bankruptcy Judge

AO 91 (Rev. 02/09) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

|  |  |  |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| SUNTRUST MORTGAGE, INC. | ) | Case No. 1:08-bk-85264 |
| | ) | |
| | ) | |
| *Defendant* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of __02/02/2008__ in the county of _____USA_____ in the _____13_____ District of
__HILLSBROUGH__, the defendant violated _____ U. S. C. § _____ , an offense described as follows:

AMENDED REVERS FALSE CLAIMS ACT AND FRAUD ENFORCEMENT RECOVERY ACT DATED MAY 20, 2009
IN RELATION TO TARP HOLDERS, AGENTS, DIRECTORS, AND REPRESENTITIVES INCLUDING OUTSIDE
COUNSEL, TARP FRAUD, INCLUDING U.S. PATRIOT ACT VIOLATIONS. RICO BY GOLDMAN SACHS, INC.
FIDELITY NATIONAL FINANCIAL, GENWORTH FINANCIAL, REPUBLIC NATIONAL TITLE, SUNTRUST BANK
HOLDINGS, INC. SUNTRUST INVESTMENTS, INC. SUNTRUST ROBINSON HUMPHREY'S INC. MONICA GILROY,
ALICE HUNEYCUTT, WILLIAMS MULLEN, RON PERROW, ELIZABETH STONEJOSE APONTE.

This criminal complaint is based on these facts:

EMAIL TO WHITE COLLAR CRIMES DIVISION TAMPA NOTING ALL THREE ACCOUNTS FROM SUNTRUST
MORTGAGE FOR FAVRE AND BENNETT, 1816 15 LLC, LOT 14 LLC AND 1914 COLUMBUS DR LLC AND LLC
PARTNERS JOHN STOKES AND SCOTT BENNETT. SEE CASE FILINGS ATTACHED

☑ Continued on the attached sheet.

_____
*Complainant's signature*

GLENN R FAVRE
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __11/16/2010__

_____
*Judge's signature*

City and state: _____ATLANTA DIVISION_____         HONORABLE JUDGE MARGARET MURPHY
*Printed name and title*

AO 91 (Rev. 02/09) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| SUNTRUST MORTGAGE, INC. | ) | Case No. 1:08-bk-85264 |
| | ) | |
| | ) | |

*Defendant*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of __02/02/2008__ in the county of _____USA_____ in the ____13____ District of

__HILLSBROUGH__ , the defendant violated _____ U. S. C. § _____
, an offense described as follows:
AMENDED REVERS FALSE CLAIMS ACT AND FRAUD ENFORCEMENT RECOVERY ACT DATED MAY 20, 2009
IN RELATION TO TARP HOLDERS, AGENTS, DIRECTORS, AND REPRESENTITIVES INCLUDING OUTSIDE
COUNSEL, TARP FRAUD, INCLUDING U.S. PATRIOT ACT VIOLATIONS. RICO BY GOLDMAN SACHS, INC.
FIDELITY NATIONAL FINANCIAL, GENWORTH FINANCIAL, REPUBLIC NATIONAL TITLE, SUNTRUST BANK
HOLDINGS, INC. SUNTRUST INVESTMENTS, INC. SUNTRUST ROBINSON HUMPHREY'S INC. MONICA GILROY,
ALICE HUNEYCUTT, WILLIAMS MULLEN, RON PERROW, ELIZABETH STONEJOSE APONTE.

This criminal complaint is based on these facts:

EMAIL TO WHITE COLLAR CRIMES DIVISION TAMPA NOTING ALL THREE ACCOUNTS FROM SUNTRUST
MORTGAGE FOR FAVRE AND BENNETT, 1816 15 LLC, LOT 14 LLC AND 1914 COLUMBUS DR LLC AND LLC
PARTNERS JOHN STOKES AND SCOTT BENNETT. SEE CASE FILINGS ATTACHED

☑ Continued on the attached sheet.

_____
*Complainant's signature*

**GLENN R FAVRE**
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ____11/16/2010____

_____
*Judge's signature*

City and state: _____ATLANTA DIVISION_____     HONORABLE JUDGE MARGARET MURPHY
_____
*Printed name and title*

B10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT **NORTHERN** DISTRICT OF **GEORGIA** | PROOF OF CLAIM |
|---|---|

Name of Debtor:
GLENN ROYCE FAVRE

Case Number:
08-86624-MHM

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Favre and Bennett, LLC

☒ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:
MONICA GILROY, CORPORATE COUNSEL    Suntrust bank
Suntrust mortgage Inc. Suntrust Robinson Humphrey
Fidelity Financial Services
Telephone number: 1578-

Court Claim Number:
08CV
147979
(If known)

Filed on 11/19/2009

Name and address where payment should be sent (if different from above):
110 S COLUMBIA DR 11 DECATUR GA 30030

Telephone number: 404-373-1337    404 951 0550

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☒ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**    $ 153,000.00

If all or part of your claim is secured, complete item 4 below, however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

FRAUDULENT DEED
CONVEYANCE FRAUD

**2. Basis for Claim:** BY FIDUCIARY
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** 8610
UNEXPIRED
LEASE OR
EXECUTORY

**3a. Debtor may have scheduled account as:** CONTRACT
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☒ Other
Describe: 1911 COLUMBUS DR 11 COL AND HOUSE UNDER CONSTRUCTION
TITLED UNEXPIRED LEASE OR EXECUTORY CONTRACT

Value of Property: $ 153,000.00    Annual Interest Rate 10%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $ _____    Basis for perfection: 532B.3

Amount of Secured Claim: $ 153,000.00    Amount Unsecured: $ 0.00

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☒ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

Amount entitled to priority:
$ 153,000.00

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain: TRANSFER OF ASSET BY TRUSTEE OTHER THAN FOR SECURITY

X _[signature]_

Top to Bottom Renovations, LLC
110 South Columbia Drive #11
Decatur, Georgia, 30030
glenn@tuptobottomrenovations.com
www.toptobottomrenovations.com
404-822-3031

From: Glenn Fewre [mailto:glenn@tuptobottomrenovations.com]
Sent: Saturday, February 02, 2008 11:02 AM
To: Tampa.division@tc.fbi.gov'
Cc: 'Scott Bennett'
Subject: MORTGAGE FRAUD

To Whom It May Concern:

I have just discovered that I have been the victim of mortgage fraud and theft by the parties mentioned below. Attached you will find American Express disputed charges from account ending ***42001 that was issued to Keith Sanders an additional card holder. The card was issued to him to pay for materials and supplies necessary to complete the construction of the properties mentioned.   Also, after researching the charges I discovered he charged over $10,000.00 to his own company Urban Craftsman Homes of Florida, LLC. After confronting him, its finally disclosed his prior knowledge of the theft, and tried to cover it up. He is a member of the Florida State Bar and failed his duty of loyalty and was in conflict of interest diverting funds to Urban Craftsman Homes of Florida, LLC which he owns. He also tried to intimidate me with a lawsuit if I reported the theft or mortgage fraud committed by him.

Andre Keith Sanders, Inc., (Individually and Jointly)
Urban Craftsman Homes of Florida, LLC
George H Mckelvin, III
Danny Sanders Construction, Inc.

relationship he represented to Florida Title Insurance, LLC, Suntrust Mortgage, Inc., Chicago Title Insurance, and all parties concerned.  The homes are not completed, and the loans have been exhausted totally over $1M in mortgages for the parties concerned.

LOAN #0031366321   *PAY PE*
LOAN #0030623276   *Sidkas*
LOAN # 0031366248   *Bound*.

He has fled to Costa Rica after we discovered the fraud and theft and I was going to Florida to inspect the properties and books. He does not have the records.

I am in the process of retaining a new attorney and will consult further.  Please contact me anytime at 404-822-3031.  Scott Bennett (770) 823-1658.

Regards,

EXIBIT F

# IN THE COUNTY COURT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
## CIVIL DIVISION

COX LUMBER d/b/a HD SUPPLY    *
MOUSSER AND MOUSSER, Corporate Counsel    *

Nicole and Rick Mousser, Individually and Wholly    *

**Plaintiff(s)**

CASE NO. _____ 07-CA-007640

DIVISION _____ C _____

FLORIDA BAR NO. _____

**vs**

GLENN R. FAVRE, INDIVIDUALLY, pro-se &    *

   *

JOHN STOKES, Managing Partner, 1816 15th St LLC, Administered and Dissolved By U.S. Bankruptcy Trustee Hays Consulting, LLC.

**Defendant(s)**

# MOTION FOR RELIEF FROM JUDGMENT OR ORDER

The Plaintiff _____ /Defendant __GLENN R FAVRE, pro-se__ moves to

vacate, amend, or correct the __JUDGEMENT AND ORDER__, entered on __11/6/08__ ,

in this action for the following reasons:

EXHIBIT A:
U.S. BANKRUPTCY NORTHERN DISTRICT GEORGIA HAYS CONSULTING, TRUSTEE'S APPOINTMENNT OF ATTORNEY BY U.S. DEPARTMENT OF JUSTICE TO INVESTIGATION RECOVERY ASSETS BY THE ESTATE FOR CREDITORS.
EXHIBIT B:
U.S. BANKRUPTCY NORTHER DISTRICT GEORGIA HAYS CONSULTING, R. HUNTER FINAL REPORT OF FULLY ADMINISTERED ESTATE & DEBTOR IN POSSESSION CERTIFICATION

1.    _____    Clerical mistake.

2.    _____    Mistake, inadvertence, surprise or excusable neglect.

3.    _____    Newly discovered evidence not discoverable within ten (10) days after trial.

4.    __X__    Fraud, misrepresentation, or misconduct.

5.    __X__    Judgment is void or satisfied, released, or discharged.

**EXPLANATION:** IDENTITY THEFT BY ANDRE KEITH SANDERS, ATTY. FL & GA BAR FAILRUE DUTY OF LOYALTY PRIOR KNOWLEDGE OF CRIME REPORTED 2/2/008 TO FBI MORTGAGE FRAUD

EXHIBIT "C" FRAUDULENT DEED TRANSFER - NON DISCLOSURE - NEGLIGENT MATERIAL MISREPREENTATION - FALSE CLAIMS WITH MALICE TO INJURE BORROWER

WITH PRIOR KNOWLEDGE OF CRIME BY RICK AND NICOLE MOUSSER OF FRAUD REPORTED TO FBI 2/2/2008. ENFORCEMENT OF FRAUDULENT LIEN."EXHIBIT "D"

Meritorious Defense (for setting aside default or judgment)

VIOLATES CENTRAL FLORIA AFFLILIATED SETTLMENT AGREEMENT AND 32 MULTISTATE RECAPTIVE INSURANCE AGREEMENT 9/2005 EXHIBIT "E" & 'F"

ANDRE KEITH SANDERS, SUNTRUST BANK HOLDINGS, INC. et. al. & Goldman Sachs, Inc.and FIDELITY NATIONAL FINANCIAL GROUP. HEDGE FUND PRODUCT EXHIBIT "F"

PROPERTY IS COVERED BY UCC PLUS WITH NEG. ARM ENDORSEMENTS AND PERFECTION OF PRIORTY OVER LIENS. 1ST AND 2ND LIEN LOAN (HELOC) APPRAISAL FRAUD.

**UNDER PENALTY OF PERJURY, I SWEAR OR AFFIRM THAT I BELIEVE THE FACTS I HAVE STATED ARE TRUE.**

GLENN R FAVRE Pro Se
_____
Attorney/Plaintiff/Defendant

November 15, 2010
_____
Date

PO Box 55064
_____
Address

4049510550
_____
Telephone

Atlanta, Georgia 30308
_____
City, State, Zip Code

Certificate of Service

I, Glenn R Favre, certify that I am over the age of 18 and that on September 3, 2009, I
served a copy of the foregoing Documents

Motion to Order Judgment in the following cases, Top to Bottom Renovations, LLC, by
first class U.S. Mail, with adequate postage prepaid on the following
Person(s) or entities at the addresses stated:

Monica K. Gilroy
Movant
SunTrust Mortgage, Inc.
Dickenson Gilroy LLC
Corporate Office
3780 Mansell Road, Suite 140
Alpharetta, Georgia 30022

Alice R Honeycutt
Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A.
SUITE 2200
SUNTRUST FINANCIAL CENTRE
401 EAST JACKSON STREET
TAMPA FLORIDA 33602

Glenn Favre Pro-Se
P.O. Box 55064
Atlanta, GA  30308
404-951-0550

Case 08-85264-mhm Doc 75 Filed 12/18/09 Entered 12/18/09 09:13:29 Desc Imaged
Case 1:10-cv-03757-CB Document 1-1 Filed 11/16/10 Page 26 of 46
Certificate of Service    Page 1 of 2

# UNITED STATES BANKRUPTCY COURT

**Northern District of Georgia**
**1340 Russell Federal Building**
**75 Spring Street, SW**
**Atlanta, GA 30303**

IN THE MATTER OF
**Glenn Royce Favre**

          Debtor(s),

CASE NUMBER.: **08−85264−mhm**
CHAPTER: **7**
JUDGE: **Margaret Murphy**

### NOTICE OF FILING PROOF OF TRANSFER OF CLAIM

TO:742543 193 PROPOSED TRANSFEROR and

laim to Gregory Hays PROPOSED TRANSFEREE

    Pursuant to the Federal Rules of Bankruptcy Procedure, you are hereby notified of the filing of proof of transfer of the claim in the above−named case.

    Objections to this transfer, if any must be filed with the

Clerk, U. S. Bankruptcy Court
1340 Russell Federal Building
75 Spring Street, SW
Atlanta, GA 30303

within 21 days from the date of this notice and a copy served upon the opposing party. If no objections are filed the transferee will be substituted as the claimant in this case.

    Dated this December 16, 2009

M. Regina Thomas

Clerk of Court
U.S. Bankruptcy Court
Form 428

AO 451  (Rev. 01/09)   Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| | |
|---|---|
| SUNTRUST MORTGAGE, INC. | ) |
| *Plaintiff* | ) |
| v. | ) |
| GLENN R. FAVRE | ) |
| *Defendant* | ) |

Civil Action  No.  08-CV-147979

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)*     11/09/2009     .

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court and that no appeal has been filed or, if one was filed, that it is no longer pending.

Date:     11/08/2010

*CLERK OF COURT*

_____

*Signature of Clerk or Deputy Clerk*

AO 109 (Rev. 12/09)  Warrant to Seize Property Subject to Forfeiture

# UNITED STATES DISTRICT COURT
### for the

### Middle District of Florida

| | |
|---|---|
| In the Matter of the Seizure of<br>*(Briefly describe the property to be seized)*<br>**FAVRE & BENNETT, LLC'S**<br>Unexpired Leases or Executory Contracts | )<br>)<br>)     Case No.  08-CV-147979<br>)<br>) |

## WARRANT TO SEIZE PROPERTY SUBJECT TO FORFEITURE

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests that certain property located in the _____ MIDDLE _____ District of _____ FLORIDA _ _ _ be seized as being subject to forfeiture to the United States of America.  The property is described as follows:

1914 COLUMBUS LLC, TAMPA FLORIDA, GLENN ROYCE FAVRE, CASE NO: 08-CV-147979
1816 15TH LLC, TAMPA FLORIDA, JOHN STOKES, CASE NO:
LOT 14 ESSEX, LLC, PINELLAS FLORIDA, SCOTT ALLEN BENNETT CASE NO:

I find that the affidavit(s) and any recorded testimony establish probable cause to seize the property.

**YOU ARE COMMANDED** to execute this warrant and seize the property on or before _____
*(not to exceed 14 days)*

❑ in the daytime – 6:00 a.m. to 10:00 p.m.          ❑ at any time in the day or night, as I find reasonable
cause has been established.

Unless delayed notice is authorized below, you must also give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

An officer present during the execution of the warrant must prepare, as required by law, an inventory of any property seized and the officer executing the warrant must promptly return this warrant and a copy of the inventory to United States Magistrate Judge     Judge Margaret Murphy Northern District Georgia Atlatna Div. 08-BK-85264-MHM     .
*(name)*

❑ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ❑ for _____ days *(not to exceed 30).*

❑ until, the facts justifying, the later specific date of _____ .

Date and time issued: _____      _____
*Judge's signature*

City and state: _____      _____
*Printed name and title*

AO 109 (Rev. 12/09)  Warrant to Seize Property Subject to Forfeiture (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br> 08-CV-147979 | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of:

Inventory of the property taken:
  UNEXPIRED LEASES OR EXECUTORY CONTRACTS OF FAVRE AND BENNETT, LLC

  1914 COLUMBUS LLC,  TAMPA FLORIDA, GLENN ROYCE FAVRE, HILLSBROUGH 13TH CIRCUIT CIVIL
  COURT JUDGE JAMES M. BARTON CASE NO: 08-CV-147979

  1816 15TH LLC, TAMAPA FLORIDA, JOHN A. STOKES HILLSBROUGH 13TH CIRCUIT CIVIL COURT JDGE
  JAMES M. BARTON CASE NO:

  LOT 14 ESSEX, PINELLAS COUNTY FLORIDA, SCOTT ALLEN BENNETT CASE NO:

**Certification**

       I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant
to the designated judge.


Date:  _ _ _ _ _ _ _ _ _ _ _ _

                                                _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
                                                *Executing officer's signature*

                                                _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
                                                *Printed name and title*

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Georgia

| | |
|---|---|
| SunTrust Mortgage, Inc<br>*Plaintiff*<br>v.<br>GLENN FAVRE PRO SE<br>*Defendant* | )<br>)<br>)<br>)<br>) |

Civil Action No.  08-ca-017979

## JUDGMENT IN A CIVIL ACTION

The court has ordered that *(check one)*:

☐ the plaintiff *(name)* _____ recover from the defendant *(name)* _____ Glenn Favre pro se _____ the amount of ONE HUNDRED AND TWELVE MILLION _____ dollars ($ 112,000,000 ), which includes prejudgment interest at the rate of _18.00_ %, plus postjudgment interest at the rate of _18.00_ %, along with costs.

☑ the plaintiff recover nothing, the action be dismissed on the merits, and the defendant *(name)* _____ Glenn R Favre _____ & Favre & Bennett, LLC _____ recover costs from the plaintiff *(name)* _ SunTrust Mortgage, Inc. & Cox Lumber d/b/a/ HD Supply, Fidelity National Title _____ .

☐ other:

This action was *(check one)*:

☐ tried by a jury with Judge _____ presiding, and the jury has rendered a verdict.

☐ tried by Judge _____ without a jury and the above decision was reached.

☑ decided by Judge _ Margrett Murphy _____ on a motion for JUDGMENT IN A CIVIL ACTION and awards defendant $112,000,000.00 for violation of 11 USC 362(b) and will full intent to violate the 362(b) as the Court demes proper.

Date: _____ 10/13/2009 _____

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

AO 450 (Rev. 01/09)  Judgment in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Georgia

| | |
|---|---|
| Glenn R. Favre Pro-Se | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No.  08-CA-017979 |
| SUNTRUST MORTGAGE, INC. | ) |
| *Defendant* | ) |

## JUDGMENT IN A CIVIL ACTION

The court has ordered that *(check one):*

☑ the plaintiff *(name)*  GLENN R FAVRE _____ recover from the
defendant *(name)* _____ SUNTRUST MORTGAGE, INC. _____ the amount of
ONE HUNDRED TWENTYFIVE MILLION DOLLARS AND -00-   dollars ($ 125,000,000), which includes prejudgment
interest at the rate of ____10.00____ %, plus postjudgment interest at the rate of ___18.00___ %, along with costs.

☐ the plaintiff recover nothing, the action be dismissed on the merits, and the defendant *(name)* _____
_____ recover costs from the plaintiff *(name)* _____

☑ other:    FOR ACTUAL DAMAGES, INJUNCTIVE RELIEF FOR:
CASE NO:        JOHN A STOKES, 1816 15 AVE LLC, ADMIN CLOSED 9/2008
CASE NO:        ALLEN SCOTT BENNETT, LOT 14 ESSEX LLC, ADMIN CLOSED 9/2008
CASE NO: 08-CV-147979 GLENN R FAVRE, 1914 COLUMBUS DR LLC, ADMIN CLOSED 9/2008

This action was *(check one):*

☐ tried by a jury with Judge _____ presiding, and the jury has
rendered a verdict.

☐ tried by Judge _____ without a jury and the above decision
was reached.

☑ decided by Judge  Margaret Murphy, Northern District Georgia Atlanta Div. ____ on a motion for
Relief under Title 11 Chapter 7 Case No: 08-85264-MHM NOW UNDER 362(b) AUTOMATIC STAY AND SAID
EXECUTORY CONTRACT AND UNEXPIRED LEASE, TO 1914 COLUMBUS DR LLC, ADMIN CLOSED &
TITLED TO FAVRE & BENNETT, LLC SEC RELATED INVESTEMENTS COMMUNITY PROPERTY AND
CO-DEBTORS-IN POSSESSION.

Date: _____12/22/2009_____               *CLERK OF COURT*


_____
*Signature of Clerk or Deputy Clerk*

Certificate of Service

I, Glenn R Favre, certify that I am over the age of 18 and that on _____,
I served a copy of the foregoing Documents

Motion to Order Judgment in the following cases, Top to Bottom Renovations, LLC, by
first class U.S. Mail, with adequate postage prepaid on the following
Person(s) or entities at the addresses stated:

Glenn Favre pro se
PO Box 55064
Atlanta, Georgia 30308
404-951-0550

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
GENERAL CIVIL DIVISION

| | | |
|---|---|---|
| SunTrust Mortgage, Inc,. a Virginia | § | |
| Corporation, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION |
| | § | CASE NO. 08-17979 |
| Glenn R. Favre pro se | § | |
| COUNTER-PLAINTIFF | § | |
| | § | |
| and Cox Lumber Co., d/b/a | § | |
| HD Supply Lumber &Building Materials | § | DIVISION: C |
| a/k/a HD Supply – LBM cox Lumber Co.m | § | |
| | § | |
| Defendant. | § | |

**COUNTER- PLAINTIFF'S MOTION FOR AN INJUNCTIVE RELIEF AGAINST
THE DEFENDANTS' ATTORNEYS, MONICA GILROY ESQ., AND ALICE
HUNEYCUTT ESQ., AS AGENTS' OF THE RECIPIENTS OF THE TARP FUND,
FOR THEIR WILLFUL VIOLATIONS AND MALICIOUS INTENT TO HARM
THE PLAINTIFF, WITH REGARDS TO FRAUD ENFORCEMENT AND
RECOVERY ACT OF 2009 ("FERA")**

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST THE
DEFENDANTS FOR THE WILLFUL VIOLATION OF THE A DISCHARGE
UNDER SECTION 727 AND THE AFFECTS OF THE DISCHARGE ORDER 11
USC § 524**

COMES NOW GLENN FAVRE and files for a motion for Injunctive Relief,

Motion for Summary Judgment and Motion for Default Judgment against the Defendants

and shows this Honorable Court:

1

## THE DEFENDANTS HAVE VIOLATED "FERA" THE NEW SECTIONS
## 3729(A)(1)(A), (B), (C), (G),

### Case History

The defendant through their agents, who are agents of the recipient of the TARP

FUND, have submitted false claims and documents to this Honorable Court on August,

2008 and continue to submit to this Honorable Court false affidavit and documents, with

the intent to conceal, knowingly making, used, and causes to be made and used, false

records and statements material to the obligation to pay or transmit money or property to

the Government, and knowingly conceals and knowingly and improperly avoids or

decreases an obligation to pay, such as when found to be in violation in these adversarial

hearings, would be required to pay into "The Fund" held by the United States Treasury,

and the repayment of the TARP FUND.

To hide the identity of the defendants majority stock holder Warren Buffett,

specifically by the attorney for; SunTrust bank, Holding, inc, SunTrust Mortgage, inc.,

Fidelity National Financial Group, and Old Republic National Title, Movant 26, Monica

Gilroy, ESQ., of Dickenson Gilroy, LLC., not disclosing that she represents all the

interest of all of the Defendants, during the 341 meeting of creditors, showing a willful

intent to deceive this THE UNITED STATES BANKRUPTCY COURTS NORTHERN

DISTRICT OF GEORGIA along with this Honorable Court by concealing the direct

conflict of interest with each of the Plaintiff to Warren Buffett; who is a majority stock

holder BERKSHIRE HATHAWAY Inc, which is the Beneficial Owner in Moody's,

which is a majority holding of Old Republic National Title, Inc. Being on the Board of

2

Directors of Goldman Sachs, SunTrust Bank Holdings, Inc., shows that Warren Buffett, along with his interest in Berkshire Hathaway, has a conflict of interest with all of the companies that represent the class "Defendants" , and that of the Monica Gilroy, ESQ., and has filed motions for dismissal, claiming that <u>SunTrust Bank Holdings, Inc</u> is not a legal entity and that <u>Fidelity Financial Group, Inc.,</u> is not a Party of this suite, when <u>Fidelity Financial Group, Inc.</u> is the sole provider of the UCC Plus Insurance Policy that insured all of the securitized loans that <u>Moody's Credit Rating Service, Inc.</u> grades as a "Neutral Rating", to deceive the share holder and the Government of the over valued equity per share.  Traded on the Commodity Futures Trade Commission Market (CFTC) as Contract Mortgage Obligation (CMO) and Contract Debt Obligations (CDO).

The Plaintiffs primary residence was transacted identically the same way as the investment properties that the Plaintiff holds and has interest in form <u>SunTrust Bank Holdings, Inc., SunTrust Mortgage, Inc., Berkshire Hathaway and  Goldman Sachs, Inc.,</u> and were all underwritten by <u>Old Republic National Title, Inc and Fidelity Financial Group, Inc.,</u> proving the conflict of interest and the willful intent to deceive and conceal the facts to this Honorable Court and violating FERA and FCA.[1]

---

[1]  **11 USC § 524.  Effect of discharge**
(a) A discharge in a case under this title--
**(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;**
**(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and**
**(3) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor of the kind specified in section 541(a)(2) of this title that is acquired after the commencement of the case, on account of any allowable community claim, except a community claim that is excepted from discharge under section 523, 1228(a)(1), or 1328(a)(1), or that would be so excepted, determined in accordance with the provisions of sections 523(c) and 523(d) of this title, in a case concerning the**

3

debtor's spouse commenced on the date of the filing of the petition in the case concerning the debtor, whether or not discharge of the debt based on such community claim is waived.

The new sections 3729(a)(1)(A), (B), (C), and (G) extend liability to any person who:
(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;
(B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;
(C) conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G);
[ . . . ] or
(G) knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay
Major FCA Amendments Expanding Liability Under the FERA, the key liability sections of the FCA remain the provisions addressing false claims, false statements supporting false claims, conspiracy, and the reverse false claims and obligation provisions. These provisions have been renumbered as well as expanded to cover additional conduct. **The new sections 3729(a)(1)(A), (B), (C), and (G) extend liability to any person who:(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; (C) conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G); [ . . . ] or (G) knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government.**

Many of the key changes are in the definitions, found in section 3729(b). **Elimination of Allison Engine's Intent Requirement:** Under the Supreme Court's unanimous decision in Allison Engine Co. v. United States ex rel. Sanders, 128 S. Ct. 2123 (2008), FCA liability was limited to fraudulent statements that were designed "to get" false claims paid or approved "by the Government." See FraudMail Alert No. 08-06-09. See also John. T. Boese, Civil False Claims and Qui Tam Actions §2.06[G] (3d ed. 2006 & Supp. 2009-1). The Supreme Court's interpretation in Allison Engine no longer applies after the FERA because the new conspiracy section was drafted to cover only a conspiracy "to get a false claim paid or approved." Courts had properly interpreted this language to limit the conspiracy section to apply only to violations of then-subsection 3729(a)(1), and not to violations of the reverse false claim provision. Moreover, the conspiracy section required that the government pay the false claim. The new conspiracy section, **31 U.S.C. § 3729(a)(1)(C), expands the conspiracy section to include a conspiracy to commit a violation of any other substantive section of the FCA.** The amendment also eliminates the need for the false claim to be paid or approved, and assesses liability for conspiring to commit the violation. Importantly, the word "knowingly" *still does not appear in the language of the new conspiracy section, so the argument remains* that a common law liability, including specific intent, is still required to prove a conspiracy under the FCA.

**Liability for Overpayments:** The amended reverse false claims liability provision in section law removes both the "to get" language and the "by the Government" limitation in section 3729(a)(2)—as well as comparable language in sections 3729(a)(3) and (a)(7). Further, it attempts to make those changes in section 3729(a)(1)(B) effective as of June 7, 2009—the date Allison Engine was decided, The Court in Allison Engine found that, without a clear link between a false claim and payment or approval by the government, the FCA would be "boundless" and become an "all-purpose antifraud statute." 128 S. Ct. at 2128, 2130. To replace this rational limitation, the FERA adds a new definition of "claim," and FCA liability will be limited only by requiring some sort of nexus to the government. The FCA now covers requests for funds to a contractor, grantee, or other recipient, if the money or property requested "is to be spent or used on the Government's behalf or to advance a Government program or interest." The legislation does not define the key terms "used on the Government's behalf" or "to advance a Government program or interest," and presumably courts will have to decide their meaning on a case by case basis. No one knows the scope. Are government funds invested in GM or AIG "advanc[ing] a Government program" so that a

4

false claim to those entities will violate the FCA and be enforced by qui tam relators?[1] Recognizing that this new language is not very clear, Senator Kyle attempted to limit its scope: [p]revious understanding, as well as commons sense, dictate that a particular transaction does not "advance a Government program or interest" unless it is predominantly federal in character—something that at least would require . . . that the claim ultimately results in a loss to the government . . . [rather than] any garden-variety dispute between a general contractor and a subcontractor simply because the general receives some federal money. 155 Cong. Rec. S4540 (daily ed. Apr. 22, 2009) (statement of Sen. Kyl). One hopes that Senator Kyle's interpretation is accepted. Future FCA case law will determine whether and to what extent Congress succeeded in overturning Allison Engine through the FERA.

**Materiality Requirement:** In addition to the nexus to the government requirement, the FERA, at long last, specifically incorporates a materiality requirement in the False Claims Act (a position the government and relators fought, without success, for over 15 years), but it defines "material" as "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property," which is the "weaker" materiality standard that has been applied in some FCA cases. See John T. Boese, Civil False Claims and Qui Tam Actions §2.04 (Aspen Publishers) (3d ed. & Supp. 2009-2). How much of a difference will this make? That depends entirely on how literally courts will read this provision. Almost every violation or mistake is arguably "capable of influencing" a payment decision by the government, but many courts in the past have read this test as strongly limiting the application of the FCA. For example, despite applying this "weaker" materiality standard, at least two courts have held that violations of "conditions of participation" in a Federal healthcare program do not result in FCA violations. See United States ex rel. Conner v. Salina Reg'l Health Ctr., 543 F.3d 1211 (10th Cir. 2008); United States ex rel. Landers v. Baptist Mem'l Health Care Corp. 525 F. Supp. 2d 972 (W.D. Tenn. 2007). **Conspiracy:** Under the prior FCA, the 3729(a)(1)(G) quoted above extends new liability to "knowingly and improperly avoid[ing] or decreas[ing] an obligation to pay or transmit money or property to the Government." **Under this provision, there is no need for a person to have taken an affirmative act—a false statement or record—in order to conceal, avoid, or decrease the obligation to the government.** This new provision is even more dangerous because an "obligation" is specifically defined to include within the scope of FCA liability the retention of an overpayment from the government. The term "improperly" is intended to limit this liability, and would presumably exclude overpayments such as those under Medicaid that undergo a reconciliation process. Practitioners will be required, almost immediately after passage, to begin to advise clients whether they have received "overpayments" and the potential liability that could result from retention of such overpayments. Moreover, even though this provision is not retroactive, an overpayment is an overpayment, whether it occurred before or after May 20, 2009. The government and relators are almost certain to argue that this provision applies to overpayments made before the date of the legislation. **Expanded Definition of "Obligation": The definition of "obligation" that triggers reverse false claims liability is expanded to encompass "an established duty, whether or not fixed" that arises from a contractual, grantee, licensee, or fee-based relationship, from a statute or regulation, or from the retention of any overpayment. According to government statements, this is intended to overturn, among other cases, the Sixth Circuit's decision 10 years ago in United States ex rel. American Textile Manufacturers Institute, Inc. v. The Limited, Inc., 190 F.3d 729 (6th Cir. 1999) ("ATMI"), which defined "obligation" to include only established obligations to pay money to the government. In addition to extending new liability to the retention of overpayments, this expanded definition seeks to extend liability to duties to pay fees that were not covered previously because they were not fixed in all particulars. Whether much of an expansion is actually achieved under this provision remains to be seen because even the DOJ concedes that the new language is not intended to extend FCA liability to penalties or fines. (The reader should note that the author represented many of the defendants in the ATMI case.)Effective Date: Under the effective date provision in the FERA, the FCA liability amendments would apply prospectively, with one important exception. The amendment to section 3729(a)(2)takes effect on the date that Allison Engine was decided—June 7, 2008—making that amendment retroactive. The retroactivity of this amendment will raise a host of practical problems in pending cases, and is almost certain to be challenged as unconstitutional because conduct which the Supreme Court defined as outside the scope of FCA liability is, retroactively, now a violation. Were this a normal civil statute, such retroactivity would be allowable. But the Supreme Court has already defined the FCA as an "essentially punitive" statute. Vermont Agency of Natural Res. v.**

**The Defendants have violated the discharge Order of the Chapter 7**

**Bankruptcy, section 727 11 USC 524 of the Plaintiff that this honorable Court**

**issued on April 9, 2009**

Alice Huneycutt, ESQ., of Sterns Weaver Miller Weissler Alhadeff & Sitterson,

PA. in Florida, in **an Order to Show Cause** by the Honorable James M. Barton as to

why SunTrust is still moving against the property of the estate, which was included

disclosed and filed in the schedule of assets, which was discharged in the Order from this

Honorable Court, stated to the Honorable James M. Barton that the estate was discharge

under section 727 11 USC § 523 when in fact it was discharged under section 727 11

USC § 524[2].. See an **order denying a motion for injunctive relief and summary**

**judgment** by The Honorable Judge Margaret Murphy of the United States Bankruptcy

---

United States ex rel. Stevens, 529 U.S. 765 (2000). Whether a clearly punitive statute can be applied retroactively is a completely different question. **Additional FCA Amendments,** In addition to amending the FCA's liability provisions, the FERA includes four other amendments that make recoveries and investigations under the FCA easier. These amendments are as follows: **Retaliation:** The prohibition against retaliation is expanded to include a "contractor, or agent," in addition to an employee—without requiring prohibited retaliatory acts to be taken by an "employer." Under this unusually broad definition, a retaliation action could be based on many different types of relationships that do not involve an employment contract, which could lead to\ unintended consequences.

1

1(a) A discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title does not discharge an individual debtor from any debt—
11 USC § 523
(B) with respect to which a return, or equivalent report or notice, if required—
(i) was not filed or given; or
(ii) was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or
**(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—**
**(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;**
**(B) use of a statement in writing—**
**(i) that is materially false;(ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive;**

Verses

2

Court Northern District of Georgia, in an attempt to deceive the Honorable Judge James M. Barton, and have him rule in favor of the Plaintiff in the matter of SunTrust Mortgage, Inc v COX LUMBER CO. d/b/a HD SUPPLY LUMBER & BUILDING MATERIALS a/k/a HD Supply – LBM Cox Lumber Co and Glenn Favre pro se, civil case number 08-CA-017979.

The Plaintiff's attorneys have violated 11 USC §524 by moving forward and continuing to move against the injunctive relief, along with the Defendants of Cox Lumber, Rick Mouser by enforcing the Lien when the injective relief was in place that arises after the discharge. The attempted to utilize the state laws under Florida; section 454.23, Florida Statutes (2006), prohibiting the unlicensed practice of law by an individual for a corporate entity to continue with the law suites by naming the corporations and adding "John Does" to the cases of SunTrust v. John Stokes, civil action number 09-04919 as members of the corporations, knowing that John Doe 1 is the Counter-Plaintiff and is the majority stack holder with regards to 1816 15th Ave LLC., Lot 14 Essex, LLC., 1914 East Columbus LLC.

These corporations were administratively dissolved in 2008 and were included in the Counter-Plaintiffs voluntary Chapter 7 Bankruptcy and discharged as business debt with regards to the non-disclosed first credit transaction and that of the construction to perm loan. The land was deeded fraudulently in the name of the Counter-Plaintiff with the knowledge of the Plaintiff.

The Plaintiff willful intent to harm allowed the utilization of an fake Durable Power of Attorney, affirmed by the lenders own title insurance and title closing company, Florida Title Inc., and their agent was Tracy Griffin, Notary, attesting to the Durable

7

Power of Attorney on a limited power of attorney. This Durable Power of Attorney was discovered in September of 2009. It has been reported and currently being investigated by the Governors office of Florida, Notary Division. The Plaintiff had prior knowledge of the action and knowingly concealed it from this Honorable Court with the willful intent to harm the Counter-Plaintiff and in an attempt to deceive this court. By including the corporations that were administratively dissolved in 2008 in Florida and were included and disclosed in my chapter 7 as business debt, the willful attempt to conceal or deceive this Honorable Courts with this action is yet another violation of 11 USC § 524 and FCA and FERA by the Defendants and adding yet another financial hardship to the Plaintiff.

WHEREFORE, Plaintiff Glenn R. Favre requests this Honorable Court award the Motion for Injunctive Relief against the Defendant's attorneys from continuing to willfully violate the Civil False Claims Act.

The Plaintiff request this Honorable Court Award a SUMMARY JUDGMENT in the Plaintiff's favor for the Defendant willful violations of the Discharge Order under section 727 and show the Defendant what the actual affects of 11 USC § 524, calculated from the Tier 3 violations. Total fines of $1,000,000.00 per day, concurrent restitution paid through "The Fund", held by the Untied States Treasury.

The Plaintiff request that this Honorable Court enter an award for Default Judgment for failing to properly respond to, with the intent to conceal and deceive this court in the respond to the Order to Show Cause. For the willful intent to harm, willful

violations to deceive this Honorable Court, knowingly presenting and making false and fraudulent claims, in an attempt to receive the approval of this court to rule in their favor, in direct violation of the "Fraud Enforcement Act" (FERA), knowingly presented false record and made false statements, material to the Counter0-Plaintiff's claim that the Defendant willfully violated this courts order in an attempt to resolve the fraudulent claims made by the Defendants; conspired collectively to commit the violations, as described in subparagraph (A), (B), (D), (E), (F), and (G) and  knowingly made, used, and causes to be made and used, a false record and statements material to an obligation to pay or transmit money or property to the Government, and knowingly conceals and knowingly and improperly avoids in an attempt to decreases an obligation to pay or transmit money or property to the Government.

Restitution will be calculated at 1% of each of the Defendants net Worth per property that Plaintiff is a member of, to prove the Willful Violations of FCA, FERA, for the Unfair and Deceptive Pattern, Practice and Trade with the intent to harm and further asks that this Court award the Plaintiff all of his costs and any further relief which this Court deems just and proper.

Respectively Submitted

Glenn Favre pro se
110 South Columbia Drive #11
Decatur, Georgia 30030
404-373-1137

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I Glenn R. Favre, am over the age of 18 years old at the time of this service, that a true and correct copy of the foregoing has been furnished by

U.S. Mail with the correct postage and faxed to:

MONICA GILROY OF DICKENSON GILROY, LLC
CORPORATE COUNSEL:
SUNTRUST BANK, HOLDINGS, INC.
SUNTRUST MORTGAGE, INC.
FIDELITY NATIONAL FINANCIAL GROUP, INC.
OLD REPUBLIC NATIONAL TITLE, INC
3780 MANSELL ROAD SUITE 140
ALPHARETTA GA 30022

Alice R. Huneycutt , Esquire, STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.,
SUNTRUST MORTGAGE, INC,
SUNTRUST Financial Centre, Suite 2200
401 E. Jackson Street, P. O. Box 3299, Tampa,
FL 33601, and by facsimile to (813) 222-5089,

10

☐ IN THE COUNTY COURT

☒ IN THE CIRCUIT COURT OF THE <u>13</u> JUDICIAL CIRCUIT

IN AND FOR <u>Hillsborough</u> COUNTY, FLORIDA

C<u>_____</u> DIVISION

SunTrust Mortgage, Inc
a Virginia Corportaiton

Plaintiff,

-vs-

Glenn R. Favre, and Cox Lumber Co,. d/b/a
HD Supply Lumber & Building Materials
a/k/a HD Supply - LBM Cox Lumber Co

Defendant.

Case No.   **08-CA-017979**

### FINAL JUDGMENT

Pursuant to the verdict rendered in this action    on a Mortgage Foreclosure

IT IS ADJUDGED that Plaintiff, SunTrust Mortgage, Inc                      ☐ (address)121 Perimeter Center West
Atlanta Georgia 30346                                ☐ ☒ Social Security Number: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 ),
take nothing by this action and that Defendant,                           ,(address) 110 South Columbia Drive #11
Decatur Georgia 30030                                ☐, shall go hence without day and recover costs from Plaintiff
in the sum of $ 112,000,000.0☐ that shall bear interest at the rate of 18 % a year, for which let execution issue.

ORDERED at <u>Hillsborough</u> <u>_____</u>, Florida, on <u>August 12, 2009</u>.

<u>_____</u>
Judge

# Honorable James M. Barton

NOTE: For the judgment to become a lien on real estate when a certified copy of the judgment is recorded, the address of the person who claims the lien as a result of the judgment must either be included in this judgment or in a simultaneously recorded affidavit (see Florida Statutes § 55.10(1). The address (and Social Security number, if known) of each person against whom the judgment is rendered must be included in the judgment [see Florida Statutes § 55.10(2)].

Final Judgment For Defendant Jury Action For Damages {1.991}

American LegalNet, Inc.
www.USCourtForms.com

Certificate of Service

I, Glenn R Favre, certify that I am over the age of 18 and that on _____day of November, 2010, I served a copy of the foregoing Documents

_____in the following cases, Top to Bottom Renovations, LLC, by first class U.S. Mail, with adequate postage prepaid on the following Person(s) or entities at the addresses stated:

Glenn Favre pro se
PO Box 55064
Atlanta, Georgia 30308
404-951-0550

# UNITED STATES BANKRUPTCY COURT

## Northern District of Georgia

In Re: Debtor(s)
    **Glenn Royce Favre**
    110 South Columbia Drive
    #11
    Decatur, GA 30030

    **xxx-xx-8670**

Case No.: **08-85264-mhm**
Chapter: **7**
Judge: **Margaret Murphy**

## DISCHARGE OF DEBTOR(S) WITH ORDER APPROVING TRUSTEE'S REPORT OF NO DISTRIBUTION, CLOSING ESTATE AND DISCHARGING TRUSTEE

    It appearing that the debtor is entitled to a discharge, **IT IS ORDERED:** The debtor is granted a discharge under section 727 of title 11, United States Bankruptcy Code, (the Bankruptcy Code).

    It further appears that the trustee in the above-entitled case has filed a report of no distribution and said Trustee has performed all other and further duties required in the administration of said estate; accordingly, it is hereby

    **ORDERED** that the said estate is closed; that the Trustee is discharged from and relieved of said trust.

_____
Margaret Murphy
United States Bankruptcy Judge

Dated:  April 7, 2009

Form 182

## SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION REGARDING THE BANKRUPTCY DISCHARGE IN A CHAPTER 7 CASE

# UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

| | |
|---|---|
| United States<br>*Plaintiff*<br>v.<br>Eric Miller<br>*Defendant* | )<br>)<br>)<br>)<br>) |

Civil Action No.  09VS160028

## JUDGMENT IN A CIVIL ACTION

The court has ordered that *(check one)*:

☑ the plaintiff *(name)*  Glenn R. Favre for Top to Bottom Reovnations, LLC                recover from the
defendant *(name)*                            Eric Miller                            the amount of
Fourty-Eight Thousand Four Hundred Fourty Nine and 20         dollars ($  48,449.20  ), which includes prejudgment
interest at the rate of     18.00   %, plus postjudgment interest at the rate of   18.00   %, along with costs.

☐ the plaintiff recover nothing, the action be dismissed on the merits, and the defendant *(name)*
                            recover costs from the plaintiff *(name)*
                            .

☐  other:

This action was *(check one)*:

☐ tried by a jury with Judge                                    presiding, and the jury has
rendered a verdict.

☐ tried by Judge                            without a jury and the above decision
was reached.

☑ decided by Judge  MARGRETT MURPHY                       on a motion for
RELIEF AND GRANTED APRIL 9, 2009

Date:      10/13/2009                        *CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*