FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 29 2010

JAMES N. HATTEN, CLERK
Deputy Clerk

UNITED STATES FEDERAL DISTRICT COURT
For the
NORTHERN DISTRICT OF GEORGIA

§
THE UNITED STATES OF AMERICA (E.U.O.S.T.),       §
Top to Bottom Renovations, LLC,                  §
EMC Search, LLC, Favre & Bennett, LLC and        §
Those Who Find Themselves Similarly Situated     §
                                                 §
                                                 §       Case No.:
                                                 §
                                                 §       1:10-CV-3757-TCB
V.                                               §
                                                 §
                                                 §
SUNTRUST MORTGAGE; OLD REPUBLIC;                 §
FIDELITY NATIONAL FINANCIAL; GOLDMAN             §
SACHS GROUP; SUNTRUST ROBINSON                   §       MOTION FOR
HUMPHREY; SUNTRUST INVESTMENTS;                  §JUDGMENT BY DEFAULT
SUNTRUST BANK; MOVANT 26 AND ALL                 §
 DEFENDANT(S) NAMEDIN 08-85264-MHM,              §       Stipulated order
09-9069 AND 09-9075                              §
-----------------------------------------------  §   AMENDED PETITION FOR PAYMENT
                                                       OF UNCLAIMED FUNDS

## MOTION FOR JUDGMENT BY DEFAULT

THIS ACTION was tried by a jury with Judge Patsy Porter Presiding, and the jury has rendered a verdict in favor of the Plaintiff(s) Exhibit "A" and THE CLERK OF COURT are hereby ordered to enter the Judgment as so stated and in the Stipulated Motion for Relief, Chapter 13 Undo Hardship Discharge, and Granting the Judgment By Default.

WHEREFORE, The Plaintiff, Glenn R. Favre, Pro-Se, shall recover from the defendant(s) named in BK-08-85264-MHM & ADVESARY CASES 09-9069 & 09-9075 in the amount of One Hundred and Twelve Million dollars ($112,000,000.00), which includes prejudgment & 1,000,000.00 from 4/9/2009 at 18% (Percentage rate per annum) X (7 Defendant(s) X 4 Properties. Payable to the Managing Partner, Glenn R. Favre (Plaintiff).

SunTrust Mortgage, Inc. and Cox Lumber d/b/a (Defendant) & Favre & Bennett (Plaintiff) HD Supply, Fidelity National Title and Federal Contracts Disputes From Top to Bottom Renovations, LLC Cases 2-6 (Percentage rate per annum) One Hundred and Twelve Million interest at the rate of 10%, plus post judgment interest at the rate of 18%, along with cost.

# UNITED STATES FEDERAL DISTRICT COURT
For the
## NORTHERN DISTRICT OF GEORGIA

The Defendant(s) recover nothing , the action be dismissed on the merits and the Plaintiff Glenn R Favre and Reference Top To Bottom Renovations, LLC, Favre & Bennett, LLC have shown cause, and now declared insolvent.

Plaintiff(s) $112,000,000.00 for violation of 11` U.S.C. 362(b) for the willful intent to violate the 362(b) stay and any other remedies or relief the court deems just and proper.

The Defendant(s) violations of Involuntary Chapter 7 be respectfully, vacated, including all public records, and all cost cast upon the Defendant(s) in all states for failing to negotiate a settlement in good-faith.

FURTHERMORE, The Plaintiff, Glenn R. Favre prays for the all other relief, whether legal or equitable, to which Plaintiff is entitled for:

- actual damages based on the claims above;
- treble damages for deceptive practices;
- attorney fees;
- interest;
- court costs; and
- refer all actions by Defendant(s) to appropriate authorities and enforcement officials.

*Respectfully Submitted: December 27, 2010*

Glenn Royce Favre Pro-Se
P.O. Box 55064
Atlanta, Georgia 30308
404-951-0550
glenn.favre@t2bemc.com



Stipulated Order

Close 6.

Other: Movant agrees to hold parties now and forever in connection with the 522(b)3 Order to Show Cause, Small Business Debtor's Reorganization Chapter 11, Movant's liability, or damages as a result of the Retro_Active Civil False Claims Act (June 2008), Violations of Fed. Bank R. 2014. Full Disclosure and of Investment Banker's Interest in the Estate of an Organization during Chapter11 Reorganization, the 362(b) Securities and Exchange Commission Automatic Stay re: Investment and Community Property vis-a-vi remains in effect as Favre & Bennett, LLC acts under Safe Harbor, discharging any and all claims, past present furture, known and unknown, now and forever, individually and wholly.

The parties stipulate that the co-debtor(s) did appear (See FAR E.O.U.S.T) April 1, 2009 NDR Report Change. Publication of Debtor's Schedules during 522(b)3 exemptions. See Debtor's Schedules and Property Claimed as Exempt and Property Entitled to Debtor under 522(b)3; and

§   Movant's Motion does not seek relief from the co-debor(s) stay;

§   The co-debtor stay remains in effect. 362(b) SEC Community Property Stay.

§   Debtor(s) have been identifed as Victims and entitled to Restitution, including all offset of all Non-Dischargeable Debts Such as Wages, Salaries, Taxes and entitled to such asseets under 522(b)3. Debtor(s) Demand is Governed by the Federal Contract Disputes Act and Civil Demand Procedure Rule for 60(b) Recovery and Collateral Preservation Conservation SBA 9006, and payment by the Treasury Offset & Asset Forfeiture Fund, maybe ordered by the Federal Management Service's Judgement Fund Branch (FMS BOS).

By their signatures below, the parties consent to the terms of this Stipulation and move the Court to enter an Order making this Stipulation and Order of the Court.

Respectfully Submitted, November 26, 2010

GLENN FAVRE, MGR PARTNER
Top To Bottom Renovations, LLC
P.O. Box 55064
Atlanta, GA  30308
404-951-0550

DALE CAPELOUTO, AGENT
Favre & Bennett, LLC
P.O. Box 55064
Atlanta, GA  30308
404-951-0550

MONICA GILROY, GA
Attorney for Movant (s) Advesary 09-9069
Advesary for 09-9075 – 085264-MHM

11

UNITED STATES FEDERAL DISTRICT COURT
For The
NORTHERN DISTRICT OF GEORIGA

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA | § | |
| (E.U O.S.T.) | § | |
| Top to Bottom Renovations, LLC. | § | |
| EMC Search, LC, Favre & Bennett, LLC | § | Case No. |
| And Those Similarly Situated | § | 1:10-CV-3757-TCB |
| | § | |
| V. | § | |
| | § | |
| | § | |
| GOLDMAN SACHS GROUP et al. | § | AMENDED |
| SUNTRUST MORTGAGE, OLD REPUBLIC | § | PETITION FOR |
| FIDELITY NATIONAL FINANCIAL, | § | PAYMENT OF |
| SUNTRUST ROBINSON HUMPHREY. | § | UNCLAIMED |
| SUNTRUST INVESTMENTS, SUNTRUST | § | FUNDS |
| BANK; MOVANT 26 AND ALL | § | |
| DEFENDANT(S) NAMED IN 08-85264-MHM | § | |
| 09-9069 AND 09-9075 | § | |

AMENDED PETITION FOR PAYMENT OF UNCLAIMED FUNDS

COMES NOW, Glenn Royce Favre. request as Owner of Record or payment of Unclaimed Funds and entitled to relief and payment under 522(b) 3 files this Amended Petition for Payment of Unclaimed Funds and Proof of Claims for the Debtor(s):

| | |
|---|---|
| The Debtor(s) Glenn Royce Favre - 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 | Chapter 7 |
| Top to Bottom Renovations 20-2485058 | Chapter 11 |
| Favre & Bennett, LLC 20-2485025 | Chapter 11 |
| Dale Capelouto 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 | Chapter 11 |
| Allen Scott Bennett – | Chapter 11 |

FB or MHM

09-09069 –  Glenn Royce Favre 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
Favre & Bennett, LLC 20-2485025
Top To Bottom Renovations. LLC 20-2485058
Dale Capelouto 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

09-09070 -  Glenn Royce Favre – 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
Top To Bottom Renovations 20-2485058
Dale Capelouto – 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

1

UNITED STATES FEDERAL DISTRICT COURT
For The
NORTHERN DISTRICT OF GEORIGA

| | | | |
|---|---|---|---|
| IN THE MATTER RE | | § | |
| | | § | |
| The Debtor(s) Glenn Royce Favre - 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 | Chapter 7 | § | Case No.: |
| Top to Bottom Renovations 20-2485058 | Chapter 11 | § | 1:10-CV-3757-TCB |
| Favre & Bennett, LLC 20-2485025 | Chapter 11 | § | |
| Dale Capelouto 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 | Chapter 11 | § | |
| Allen Scott Bennett – | Chapter 11 | § | |
| | | § | |
| DEBTOR(S) | | § | |

09-09071 -   Glenn Royce Favre – 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
             Top To Bottom Renovations 20-2485058
             Dale Capelouto – 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

09-09072 -   Glenn Royce Favre – 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
             Top To Bottom Renovations 20-2485058
             Dale Capelouto – 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

09-09073 -   Glenn Royce Favre - 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
             Top To Bottom Renovations 20-2485058
             Dale Capelouto – 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

09-09074-    Glenn Royce Favre – 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
             Top To Bottom Renovations 20-2485058
             Dale Capelouto – 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

09-09075 -   Glenn Royce Favre – 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

09-09077 -   Glenn Royce Favre – 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
             Top To Bottom Renovations 20-2485058
             Dale Capelouto – 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

*Respectfully Submitted 12/27/2010*          Glenn Favre, Pro-Se
*To: Treasury Offset Program*                *Managing Partner, Favre & Bennett, LLC*
*Attention: Ramona Elliott*                  *Top To Bottom Renovations, LLC*
*Donald Whalton, Region 21*                  *P.O. Box 55064*
*Executive Office of the Trustee's*          *Atlanta, GA  30308*
*Department of Justice*                      *404-951-0350*
*F: 202-456-2461*                            *Glenn.favre@12bemc.com*

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF GEORGIA

### ATLANTA DIVISION

#### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I Dale Capulento, am over the age of 18 years old at the time of this service, that a true and correct copy of the foregoing has been furnished by U.S. Mail with the correct postage and faxed to GEORGIA BANKING AND FINANCE, JUDY NEW BERRY, COMMISSIONER, AND LATASHA ROSE FEDERAL RESERVE BOARD & BOARD OF GOVERNORS FEDERAL RESERVE SYSTEM: MYRNA WHITEHEAD, SAFETY AND SOUNDNESS & JOE CASSAR & ERIN TERRY, Madam Chairman Shapario & General Counsel Stephen Cohen, Securities Exchange Commission, and Enforcement, Commodities Future Trading Commission, Counsel Charles Kimi. FTC. Paula Shakesbury, Investigator, Commissioner of Insurance Georgia. Office of General Counsel, Whitehouse: Fax: 202-456-2461, Consumer Financial Protection Agency (FTC)

NOVEMBER 16, 2009 NOTICE:

CEASE DECIST ORDER BY GEORGIA BANKING AND FINANCE FIDELITY NATIONAL FOR
CONDUCTING BUSINESS AS MORTGAGE/BROKER DEALERS
SECURITIES BROKER/DEALERS AND ACTING AS A FINANCIAL LENDING INSTITUTION WITOUT
LICENSE OR REGULATORS APPROVALS.

MONICA GILROY OF DICKENSON GILROY, LLC
FIDELITY NATIONAL FINANCIAL GROUP
FIDELITY NATIONAL LEGAL SERVICES
OLD REPUBLIC NATIONAL TILE INSURANCE
3780 MANSELL ROAD SUITE 140
ALPHARETTA GA 30022

MONICA GILROY OF DICKENSON GILROY, LLC
INVESTMENT BANKING CORPORATE COUNSEL
GOLDMAN SACHS, HOLDINGS, INC, SUNTRUST BANK HOLDINGS
SUNTRUST INVESTMENTS, SUNTRUST ROBINSON HUMPHREY'S GOLDMAN SACHS, HOLDINGS,
3780 MANSELL ROAD SUITE 140
ALPHARETTA GA 30022

Alice R. Honeycutt , Esquire,
Barbara White ,Esq and Tina Fisher
STEARNS WEAVER MILLER WEISSLERALHADEFF & SITTERSON, P.A..
SUNTRUST BANKS, INC.
SUNTRUST MORTGAGE, INC.
SUNTRUST FINANCIAL CENTER, Suite 2200
401 E. Jackson Street, P. O. Box 3299, Tampa,
FL 33601, and by facsimile to (813) 222-5089.

CHARLES K. MCKNIGHT, JR.
NATIONS, TOMAN & MCKNIGHT, LLP
1230 PEACHTREE STREET, NE
SUITE 2050
ATLANTA, GA 30309
404-266-2366
FAX : 404-266-2323
EMAIL: CMCKNIGHT@NTMLAW.COM

*EXHIBIT A*

# EXHIBIT " A "

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

FILED IN OFFICE

2010 MAY 20 PM 3:02

CLT
FULTON COURT GEORGIA

TOP TO BOTTOM RENOVATIONS,
LLC,

    Plaintiff,

vs.

                    **Civil Action File**
                    **No. 09VS160028-B**

ERIC MILLER,

    Defendant.

## VERDICT AND FINAL JUDGMENT

    This case having come on for a jury trial on May 17, 2010, the parties having appeared and having presented evidence and the jury, after hearing evidence, having rendered its verdict in favor of Plaintiff and against Defendant on the Complaint and in favor of Plaintiff on Defendant's Counterclaim, it is the Judgment of this Court as follows:

    **ORDERED** that Plaintiff shall have judgment in its favor and against Defendant on the Complaint in the amount of $ 11,855.00 actual damages and in the amount of $ 11,190.00 attorneys fees and expenses of litigation; and it is further

    **ORDERED** that Plaintiff shall have judgment in its favor and against Defendant on the Counterclaim; and it is further

    **ORDERED** that costs are taxed against Defendant.

    **SO ORDERED**, this 19 day of May, 2010.

Judge, State Court of Fulton County

EXHIBIT "B"

B6C (Official Form 6C) (12/07)

In re     **Glenn Royce Favre**                                          Case No _____

_____
                        Debtor

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under        ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                          $136,875
☐  11 U.S.C. §522(b)(2)
■  11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| house & lot @ | Ga. Code Ann. § 44-13-100(a)(1) | 10,000.00 | 130,000.00 |
| 8240 Lakeview Court | Ga. Code Ann. § 44-13-100(a)(6) | 505.00 | |
| Rex, GA 30273 | | | |
| house under construction & lot @ | Ga. Code Ann. § 44-13-100(a)(6) | 0.00 | 153,000.00 |
| 1914 E. Columbus Drive | | | |
| Tampa, FL 33605 | | | |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| checking - Wachovia | Ga. Code Ann. § 44-13-100(a)(6) | 25.00 | 25.00 |
| Top to Bottom Renovations, LLC business checking - Wachovia | Ga. Code Ann. § 44-13-100(a)(6) | 10.00 | 10.00 |
| Top to Bottom Renovations, LLC business checking - Washington Mutual | Ga. Code Ann. § 44-13-100(a)(6) | 0.00 | 0.00 |
| checking - Washington Mutual | Ga. Code Ann. § 44-13-100(a)(6) | 0.00 | 0.00 |
| checking - Bank of America | Ga. Code Ann. § 44-13-100(a)(6) | 0.00 | 0.00 |
| savings - Wachovia | Ga. Code Ann. § 44-13-100(a)(6) | 10.00 | 10.00 |
| savings - Bank of America | Ga. Code Ann. § 44-13-100(a)(6) | 50.00 | 50.00 |
| **Household Goods and Furnishings** | | | |
| household goods | Ga. Code Ann. § 44-13-100(a)(4) | 3,000.00 | 3,000.00 |
| **Books, Pictures and Other Art Objects; Collectibles** | | | |
| paintings, books & cds | Ga. Code Ann. § 44-13-100(a)(4) | 300.00 | 300.00 |
| **Wearing Apparel** | | | |
| clothing | Ga. Code Ann. § 44-13-100(a)(4) | 400.00 | 400.00 |
| **Furs and Jewelry** | | | |
| jewelry | Ga. Code Ann. § 44-13-100(a)(5) | 300.00 | 300.00 |
| **Firearms and Sports, Photographic and Other Hobby Equipment** | | | |
| camera | Ga. Code Ann. § 44-13-100(a)(4) | 500.00 | 500.00 |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| IRA | Ga. Code Ann. § 44-13-100(a)(2.1) | 90.00 | 90.00 |
| **Stock and Interests in Businesses** | | | |
| Top to Bottom Renovations, LLC and Well Hung Gallieries, Inc. - no cash value | Ga. Code Ann. § 44-13-100(a)(6) | 0.00 | 0.00 |
| **Accounts Receivable** | | | |
| Ken Krell | Ga. Code Ann. § 44-13-100(a)(6) | 0.00 | 94,000.00 |

___1___ continuation sheets attached to Schedule of Property Claimed as Exempt

Copyright (c) 1996-2008 - Best Case Solutions - Evanston, IL   (800) 492-8037                                        Best Case Bankruptcy



B6C (Official Form 6C) (12/07) -- Cont.

In re   **Glenn Royce Favre**                                   Case No _____
                                                    Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| John Macklin | Ga. Code Ann. § 44-13-100(a)(6) | 0.00 | 8,000.00 |
| Don Holt | Ga. Code Ann. § 44-13-100(a)(6) | 0.00 | 35,000.00 |
| Craig Dodd | Ga. Code Ann. § 44-13-100(a)(6) | 0.00 | 10,000.00 |
| Rodney Hinote | Ga. Code Ann. § 44-13-100(a)(6) | 0.00 | 60,000.00 |
| Kim Avant | Ga. Code Ann. § 44-13-100(a)(6) | 0.00 | 6,000.00 |
| Bill Morh | Ga. Code Ann. § 44-13-100(a)(6) | 0.00 | 6,000.00 |
| William Moon | Ga. Code Ann. § 44-13-100(a)(6) | 0.00 | 15,000.00 |
| Malissa Benton | Ga. Code Ann. § 44-13-100(a)(6) | 0.00 | 5,000.00 |
| **Other Contingent and Unliquidated Claims of Every Nature** possible legal action against Suntrust Mortgage, Inc. and Andre Keith Sanders for construction / mortgage scam | Ga. Code Ann. § 44-13-100(a)(11)(A) | 100% | Unknown |
| **Automobiles, Trucks, Trailers, and Other Vehicles** 2002 Ford F350 | Ga. Code Ann. § 44-13-100(a)(3) | 0.00 | 15,000.00 |
| 2008 Ford F150 Midbox | Ga. Code Ann. § 44-13-100(a)(3) | 0.00 | 26,000.00 |
| leased 2008 Ford F150 Lariat | Ga. Code Ann. § 44-13-100(a)(3) | 0.00 | 36,000.00 |
| **Machinery, Fixtures, Equipment and Supplies Used in Business** saws, ladders, paint sprayers, hand tools, nailguns, trailer & compressor | Ga. Code Ann. § 44-13-100(a)(7) | 1,500.00 | 1,500.00 |
| | Total | 16,690.00 | 605,185.00 |

Sheet __1__ of __1__ continuation sheets attached to the Schedule of Property Claimed as Exempt

Copyright (c) 1996-2008 - Best Case Solutions - Evanston, IL - (800) 492-8037                     Best Case Bankruptcy

EXHIBIT "C"

# UNITED STATES BANKRUPTCY COURT

**Northern District of Georgia**
**1340 Russell Federal Building**
**75 Spring Street, SW**
**Atlanta, GA 30303**

IN THE MATTER OF
**Glenn Royce Favre**

Debtor(s),

CASE NUMBER.: **08–85264–mhm**
CHAPTER: **7**
JUDGE: **Margaret Murphy**

## NOTICE OF FILING PROOF OF TRANSFER OF CLAIM

TO:742543 193 PROPOSED TRANSFEROR and

laim to Gregory Hays PROPOSED TRANSFEREE

Pursuant to the Federal Rules of Bankruptcy Procedure, you are hereby notified of the filing of proof of transfer of the claim in the above–named case.

Objections to this transfer, if any must be filed with the

Clerk, U. S. Bankruptcy Court
1340 Russell Federal Building
75 Spring Street, SW
Atlanta, GA 30303

within 21 days from the date of this notice and a copy served upon the opposing party. If no objections are filed the transferee will be substituted as the claimant in this case.

Dated this December 16, 2009

M. Regina Thomas

Clerk of Court
U.S. Bankruptcy Court
Form 428



UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**ENTERED ON**
**JAN 1 4 2010**
**DOCKET**

IN RE:                                    )        CHAPTER 7
                                          )
GLENN ROYCE FAVRE,                        )        CASE NO. 08-85264 - MHM
                                          )
            Debtor.                       )

## ORDER DENYING PETITION FOR PAYMENT OF UNCLAIMED FUNDS

On December 11, 2009, Debtor filed a *Petition for Payment of Unclaimed Funds*

[Doc. No 64] and on December 15, 2009, Debtor filed an amended *Petition for Payment of*

*Unclaimed Funds* [Doc. No 66]. The blank for the date unclaimed funds were paid into the

Registry was left blank. Debtor seeks payment of $153,000 issued to Favre & Bennett,

LLC. No unclaimed funds, however, have been paid into the Registry of this court;

accordingly, it is hereby

ORDERED that Debtor's *Petition for Payment of Unclaimed Funds* [Doc. No 64]

and amended *Petition for Payment of Unclaimed Funds* [Doc. No 66] are *denied*.

The Clerk is directed to serve this Order upon Debtor and Trustee.

IT IS SO ORDERED, this the _13th_ day of January, 2010.


MARGARET H. MURPHY
UNITED STATES BANKRUPTCY JUDGE

DATE: _____ FILED AUG 16 2010
Treasury Agency: 000901425
Case Number: 885284
Case Name: FAVRE V SUNTRUST



# Department of the Treasury
# Executive Office for Asset Forfeiture

## Treasury Forfeiture Fund
## Member Agency Obligation Request Form

This form is to be used by the TFF agencies to request an obligation on forfeited funds or proceeds of sale of forfeited property due to pending petitions, restoration, or other anticipated refunds pursuant to the *Guidelines for Treasury Forfeiture Fund Agencies on Refunds Pursuant to Court Orders, Petitions for Remission, or Restoration Requests*. This form and supporting documentation may be faxed to Toni Davis, TEOAF, at 202-622-9610, or emailed to Refund.Obligations@do.treas.gov.

| Seizure Number(s) | Cash Receipt (CR) # | Amount Seized | Collect Date* | Forfeiture Date | DCR Date* | Amount to be Obligated |
|---|---|---|---|---|---|---|
| 000901425 | | 159,000.00 | 4/9/2009 | 04/09/2009 | | 153,000.00 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| **Totals:** | | | | | | 153,000.00 |

### Reason for Obligation Request:

☑ Petition for Remission or Mitigation of Forfeiture filed (attach copy of petition if available)
   Date filed: 12/01/2009
   Petitioner(s): GLENN ROYCE FAVRE
   Amount Sought (if known): $153,000.00

☑ Restitution Order Sought or Entered, **and** AUSA has filed (or indicated he/she will file) a restoration request with the Department of Justice, Asset Forfeiture & Money Laundering Section (attach written supporting documentation of AUSA's filing of, or intent to file, a restoration request)

☑ Victim Case and at least one victim has been identified; Petition for Remission or Mitigation of Forfeiture anticipated to be filed.
   Name of at least one victim: GLENN ROYCE FAVRE

| FOR TEOAF USE ONLY | | |
|---|---|---|
| **FUND:** | **COST CENTER:** | 98999000 |
| **FUND CENTER:** | **MATERIAL GROUP:** | 4429 or 4425   **ORDER:** ZFX5 |
| **FUNCTIONAL AREA:** HQ01 | **AMOUNT:** | |
| **ORDER:** ZFX5 | **SIGNATURE:** | |

* The collect date is the date the funds were deposited into the suspense account. If the funds were never deposited into the CSA, for example, because they were directed to be paid to the registry of the court, use the seizure date. The DCR date is the date the funds were deposited into the Treasury Forfeiture Fund.

EXHIBIT "D"

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DALE CAPELOUTO, | ) |
| Plaintiff, | ) |
| v. | ) No. 10-823C |
| | ) (Judge Bush) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION TO DISMISS

TONY WEST
Assistant Attorney General

JEANNE E. DAVIDSON
Director

ALAN J. LO RE
Assistant Director

ANTONIA R. SOARES
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Attn:  Classification Unit, 8th Floor
Washington, D.C. 20530

December 20, 2010                    Attorneys for Defendant

# **TABLE OF CONTENTS**

**Page**

ISSUES PRESENTED ............................................................................................... 1

STATEMENT OF THE CASE .................................................................................. 1

    I.     Nature Of The Case ............................................................................... 1

    II.    Statutory Framework ............................................................................. 2

    III.   Statement Of Facts ................................................................................ 3

ARGUMENT ............................................................................................................ 6

    I.     Mr. Capelouto's Claims Should Be Dismissed For Lack Of Subject Matter
        Jurisdiction ............................................................................................ 6

        A.    This Court Does Not Possess Jurisdiction To Hear
             Mr. Capelouto's Claims Against Private Parties ...................... 7

        B.    This Court Does Not Possess Jurisdiction To Hear
             Mr. Capelouto's Tort Claims .................................................... 8

        C.    This Court Does Not Possess Jurisdiction To
             Hear Claims Identical To Mr. Capelouto's Earlier-Filed
             Claims In District Court ........................................................... 9

CONCLUSION ...................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

Bowling v. United States,
    93 Fed. Cl. 551 (2010) ............................................................................... 8

Brown v. United States,
    105 F.3d 621 (Fed. Cir. 1997) ..................................................................... 8

Edelmann v. United States,
    76 Fed. Cl. 376 (2007) ............................................................................... 7

Environmental Safety Consultants, Inc. v. United States,
    95 Fed. Cl. 77 (2010) ................................................................................. 8

Federico v. United States,
    70 Fed. Cl. 378 (2006) ............................................................................. 10

Henke v. United States,
    60 F.3d 795 (Fed. Cir. 1995) ..................................................................... 6

Hufford v. United States,
    87 Fed. Cl. 696 (2009) ............................................................................... 8

Husband v. United States,
    90 Fed. Cl. 29 (2009) ................................................................................. 8

Jachetta v. United States,
    94 Fed. Cl. 277 (2010) ..................................................................... 9, 10, 11

Khan v. United States,
    201 F.3d 1375 (Fed. Cir. 2000) .............................................................. 2, 3

Loveladies Harbor, Inc. v. United States,
    27 F.3d 1545 (Fed. Cir. 1994) ................................................................. 10

Lowe v. United States,
    76 Fed. Cl. 262 (2007) ............................................................................. 10

Massie v. United States,
    226 F.3d 1318 (Fed. Cir. 2000) ................................................................. 2

-ii-

# TABLE OF AUTHORITIES
## -continued-

**Cases**  **Page(s)**

McNutt v. General Motors Acceptance Corp.,
298 U.S. 178 (1936) ................................................................................. 6

Mendez-Cardenas v. United States,
88 Fed. Cl. 162 (2009) ........................................................................... 6, 7

Reynolds v. Army & Air Force Exch. Serv.,
846 F.2d 746 (Fed. Cir. 1988) ................................................................. 6

Rick's Mushroom Serv., Inc. v. United States,
521 F.3d 1338 (Fed. Cir. 2008) ............................................................. 11

Steel Co. v. Citizens for a Better Env't,
523 U.S. 83 (1998) ................................................................................... 6

Terran v. Sec'y of Health and Human Servs.,
195 F.3d 1302 (Fed. Cir. 1999) ............................................................... 2

Tohono O'Odham Nation v. United States,
559 F.3d 1284 (Fed. Cir. 2009),
cert. granted, - U.S. -, 130 S.Ct. 2097 (2010) ................................... 10

Trafny v. United States,
503 F.3d 1339 (Fed. Cir. 2007) ............................................................... 8

Trusted Integration, Inc. v. United States,
93 Fed. Cl. 94 (2010) ............................................................................. 10

In re United States,
463 F.3d 1328 (Fed. Cir. 2006) ....................................................... 2, 3, 4

United States v. King,
395 U.S. 1 (1969) ..................................................................................... 2

United States v. Sherwood,
312 U.S. 584 (1941) ................................................................................. 7

United States v. Testan,
424 U.S. 392 (1976) ................................................................................. 3

-iii-

## TABLE OF AUTHORITIES
### -continued-

**Statutes**                                                    **Page(s)**

28 U.S.C. § 1346(b) ................................................................................ 5, 8

28 U.S.C. § 1491(a)(1) ............................................................................. 2, 8

28 U.S.C. § 1500 ..................................................................................... 9, 11

**Miscellaneous**

Black's Law Dictionary 10 (7th ed. 1999) .................................................. 11

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DALE CAPELOUTO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10-823C |
| | ) (Judge Bush) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims

("RCFC"), defendant, the United States respectfully requests that the Court dismiss the pro se

complaint filed by plaintiff, Dale Capelouto, for lack of subject matter jurisdiction. In support of

this motion, defendant relies upon the complaint and the following memorandum of law.

### ISSUES PRESENTED

1.     Whether this Court possesses subject matter jurisdiction to entertain Mr. Capelouto's

complaint, which alleges no claims against the United States for money damages.

2.     Whether this Court possesses subject matter jurisdiction to entertain Mr. Capelouto's tort

claims.

3.     Whether this Court possesses subject matter jurisdiction to entertain an action identical

to an action Mr. Capelouto commenced in the United States District Court for the Northern

District of Georgia.

### STATEMENT OF THE CASE

I.     Nature Of The Case

Mr. Capelouto's complaint, which is a compilation of nine separate documents, does not

allege claims for money damages against the United States in this Court or otherwise explain the basis for this Court's subject matter jurisdiction. Rather, the submission alleges tort claims against private parties, and includes a complaint filed in the United States District Court for the Northern District of Georgia under docket number 10-CV-3761 and an amended complaint that indicates it was filed on November 17, 2010 in the Northern District of Georgia under docket number 10-CV-03561. As we demonstrate below, the Court should dismiss Mr. Capelouto's complaint in this matter.

II.    Statutory Framework

Like all Federal courts, this Court is a court of limited jurisdiction. Massie v. United States, 226 F.3d 1318, 1321 (Fed. Cir. 2000). This Court's jurisdiction is delimited by the Tucker Act, which provides:

> The United States Court of Federal Claims shall have jurisdiction
> to render judgment upon any claim against the United States
> founded either upon the Constitution, or any Act of Congress or
> any regulation of an executive department, or upon any express or
> implied contract with the United States, or for liquidated or
> unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1); see Khan v. United States, 201 F.3d 1375, 1377 (Fed. Cir. 2000) (discussing same). The Supreme Court has interpreted the Tucker Act to mean that a plaintiff seeking relief from this Court must assert a claim for "actual, presently due money damages from the United States." Terran v. Sec'y of Health and Human Servs., 195 F.3d 1302, 1309 (Fed. Cir. 1999) (quoting United States v. King, 395 U.S. 1, 3 (1969)).

The Tucker Act "is itself only a jurisdictional statute; it does not create a substantive right enforceable against the United States for money damages." In re United States, 463 F.3d 1328,

2

1333 (Fed. Cir. 2006) (quoting United States v. Testan, 424 U.S. 392, 398 (1976)); accord Khan,

201 F.3d at 1377.  Rather, invoking jurisdiction under the Tucker Act requires that a plaintiff

"identify a contractual relationship, constitutional provision, statute, or regulation that provides a

substantive right to money damages."  Id. (citing Hamlet v. United States, 63 F.3d 1097, 1101

(Fed. Cir. 1995)).  Thus, a Tucker Act plaintiff "must assert a claim under a separate money-

mandating constitutional provision, statute, or regulation, the violation of which supports a claim

for damages against the United States."  Id. at 1378.  "A substantive law is money-mandating

only if it 'can fairly be interpreted as mandating compensation by the Federal Government for the

damage sustained.'"  In re United States, 463 F.3d at 1333 (quoting United States v. Mitchell,

463 U.S. 206, 217 (1983)).

III.    Statement Of Facts

Mr. Capelouto's complaint is comprised of nine documents, none of which demonstrate

the Court's jurisdiction to entertain this matter.  The first document in Mr. Capelouto's

submission, which does not bear a case caption, is an unsigned letter from Glenn Favre to the

Tampa Office of the Federal Bureau of Investigation ("FBI"), and sets forth Mr. Favre's

allegations against individuals and entities for mortgage fraud and theft.  The letter is not co-

signed by Mr. Capelouto and does not make any reference to him.

The second document in Mr. Capelouto's submission is a June 19, 2008 press release

regarding the Department of Justice and FBI's efforts to prosecute mortgage fraud and mortgage-

related securities fraud.

The third document in Mr. Capelouto's submission is a Form 211 issued by the Internal

Revenue Service ("IRS") of the Department of the Treasury ("Treasury").  The form is entitled

"Application for Award for Original Information." The IRS Form 211 is used by individuals seeking monetary awards from the Federal Government for bringing tax-law violators to the attention of the IRS. See Whistleblower – Informant Award, http://www.irs.gov/compliance/article/0,,id=180171,00.html (last visited Dec. 13, 2010). The form indicates that Mr. Capelouto, Mr. Favre and Allen Scott Bennett sought to be considered whistleblowers in connection with tax violations by several financial entities. The fourth document in Mr. Capelouto's submission is a letter from the IRS, dated August 11, 2009, acknowledging the receipt of the IRS Form 211 and indicating that the form will be evaluated to determine if an investigation is warranted and an award is appropriate.

The fifth document in Mr. Capelouto's submission is a pro se complaint filed by Messrs. Capelouto and Favre on November 16, 2010 in the United States District Court for the Northern District of Georgia under case number 10-CV-3761.[1] Defendants are the United States Department of Energy ("DOE"), Oak Ridge Office; Office of Inspector General ("OIG") for South East Financial Crimes; the United States District Court for the Eastern District of Tennessee; Eric Dugger, Special Agent, OIG, DOE; David Harris, Special Agent, OIG, DOE; and the Honorable C. Clifford Shirley, Jr., United States Magistrate Judge. In the complaint, Messrs. Capelouto and Favre allege that defendants engaged in tortious conduct by covering up mortgage and financial fraud by various financial entities and individuals — namely, the torts of negligent misrepresentation and issuing an illegal search and seizure warrant. For damages, Messrs. Capelouto and Favre seek hundreds of millions of dollars.

The sixth document in Mr. Capelouto's submission is an amended complaint, also filed in

---

[1] In the complaint caption, Mr. Capelouto's surname is spelled "Capelout."

4

the Northern District of Georgia by Messrs. Capelouto and Favre as pro se plaintiffs. The amended complaint is styled as a "Complaint For Negligence Under Federal Employers' Liability Act," is dated November 17, 2010, and bears the docket number 10-CV-03561. According to the caption, Messrs. Favre and Capelouto have brought this action against the Department of Defense ("DOD") and the Defense Contract Management Agency, as well as others not identified. We have been unable to locate information regarding this action through the PACER system.[2]

The seventh document in Mr. Capelouto's submission is a case summary from the CM/ECF system, indicating that Messrs. Capelouto and Favre's cause of action under case number 10-CV-03761 in the Northern District of Georgia alleges a claim against United States Government defendants under the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

The eighth document in Mr. Capelouto's submission is a November 29, 2010 invoice from EMC Search to Suntrust Bank Holdings, Inc. and Suntrust Mortgage, Inc. The invoice reflects that EMC Search seeks payment of $432,300 for "Non-Legal Professional Services," "Technical Financial Management Auditing," "Subcontractor Contract and Grant Management," and "C.I.D. Attorney General Appointment." The invoice also indicates that payment should be made to Mr. Capelouto.

The final document in Mr. Capelouto's submission is a Treasury form entitled "Request For Reimbursement Of Joint Operations Expenses." The form indicates that Mr. Capelouto is seeking total reimbursement in the amount of $169,700 for overtime and expenses in his capacity

---

[2] The action appearing under docket number 10-CV-03561 in the Northern District of Georgia is captioned as Cheek v. City of Union City and involves a claim of employment discrimination based upon race.

5

as a contract officer for the Department of Defense – DCMA.  Although the form governs a

reimbursement request for the period from January 1, 2008 through April 1, 2010.  Mr.

Capelouto apparently signed the document on November 29, 2010.

### ARGUMENT

I.      Mr. Capelouto's Claims Should Be Dismissed For Lack Of Subject Matter Jurisdiction

Determining whether this Court possesses jurisdiction to entertain a claim is a

"threshold" inquiry.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 88-89 (1998)

(holding that subject-matter jurisdiction is a "threshold question that must be resolved . . . before

proceeding to the merits").  In considering a motion to dismiss for lack of subject matter

jurisdiction pursuant to RCFC 12(b)(1), the Court must "assume all factual allegations to be true

and . . . draw all reasonable inferences in plaintiff's favor."  Henke v. United States, 60 F.3d 795,

797 (Fed. Cir. 1995).

Plaintiff bears the burden of establishing, by a preponderance of the evidence, that this

Court possesses subject matter jurisdiction to entertain the action.  McNutt v. General Motors

Acceptance Corp., 298 U.S. 178, 189 (1936); Reynolds v. Army & Air Force Exch. Serv., 846

F.2d 746, 748 (Fed. Cir. 1988); Mendez-Cardenas v. United States, 88 Fed. Cl. 162, 165 (2009).

While complaints filed by pro se plaintiffs "are generally held to 'less stringent standards than

formal pleadings drafted by lawyers,' . . . [t]his latitude . . . does not relieve a pro se plaintiff

from meeting jurisdictional requirements."  Id.

For several reasons, Mr. Capelouto has failed to meet his burden of establishing

jurisdiction under the Tucker Act.

6

A.    This Court Does Not Possess Jurisdiction To Hear Mr. Capelouto's Claims
      Against Private Parties

As stated above, the first page of Mr. Capelouto's complaint is a letter from Mr. Favre to

the FBI's Tampa Division, alleging that Mr. Favre is a victim of mortgage fraud and theft carried

out by Andre Sanders, Inc.; Urban Craftsman Homes of Florida, LLC; George H. McKelvin, III;

and Denny Sanders Construction, Inc. Compl. at 1. Mr. Capelouto's signature does not appear

on the letter, and the letter makes no reference to him. Even assuming that Mr. Capelouto

intends to adopt Mr. Favre's claims and requests for relief as the basis for an action here, this

Court does not possess jurisdiction to entertain such an action because such claims are not being

brought against the United States.

Under the Tucker Act, this Court's jurisdiction is confined to entertaining claims against

the United States, not against private parties. See United States v. Sherwood, 312 U.S. 584, 588

(1941) (holding that "if the relief sought is against others than the United States the action as to

them must be ignored as beyond the jurisdiction of the court"); Mendez-Cardenas, 88 Fed. Cl. at

166 ("This court lacks jurisdiction to hear plaintiff's claims against defendants other than the

United States."); Edelmann v. United States, 76 Fed. Cl. 376, 380 (2007) ("To the extent

plaintiffs are alleging claims against the private parties and not the United States, the Court lacks

subject matter jurisdiction over such claims.") (citing cases).

Because Mr. Capelouto's complaint in this Court is devoid of any claims against the

United States, this Court does not possess subject matter jurisdiction to hear his action.

Accordingly, Mr. Capelouto's complaint should be dismissed.

7

B.     This Court Does Not Possess Jurisdiction To Hear Mr. Capelouto's Tort Claims

On the first page of his complaint, Mr. Capelouto alleges mortgage fraud and theft.  Even assuming Mr. Capelouto had alleged such claims against the United States, this Court does not possess jurisdiction to entertain such claims because they sound in tort.

As provided expressly in the Tucker Act, this Court's jurisdiction does not extend to tort claims.  See 28 U.S.C. § 1491(a)(1) (providing jurisdiction over claims for damages "not sounding in tort"); see also Trafny v. United States, 503 F.3d 1339, 1340 (Fed. Cir. 2007); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997); Hufford v. United States, 87 Fed. Cl. 696, 706 (2009) (citing cases).  Tort claims against the United States may be brought only in United States District Courts under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1).  See, e.g., Bowling v. United States, 93 Fed. Cl. 551, 556 (2010) ("The proper forum for federal tort claims is a United States district court.") (citing 28 U.S.C. § 1346(b)(1)); id. ("Under 28 U.S.C. § 1346(b)(1), United States district courts have exclusive jurisdiction to hear tort claims against the United States, including all [Federal Tort Claims Act] claims.").

"A claim for fraud is a claim sounding in tort and therefore cannot be considered by the Court of Federal Claims."  Environmental Safety Consultants, Inc. v. United States, 95 Fed. Cl. 77, 96 (2010) (citing cases).  Furthermore, Mr. Capelouto's theft claim sounds in tort.  See Husband v. United States, 90 Fed. Cl. 29, 35 (2009) (holding that the Court of Federal Claims does not posses jurisdiction to hear a theft claim because such a theory sounds in tort).  Thus, this Court does not possess jurisdiction to hear Mr. Capelouto's claims for mortgage fraud and theft because the claims sound in tort.

C.     This Court Does Not Possess Jurisdiction To Hear Claims Identical To Mr.
       Capelouto's Earlier-Filed Claims In District Court

Among Mr. Capelouto's submissions is a complaint against DOE and other Federal

Government entities and officials filed last month in the United States District Court for the

Northern District of Georgia under docket number 10-CV-03761, as well as an amended

complaint against DOD and others that does not appear to have been filed and bears docket

number 10-CV-03561. Both the complaint and amended complaint allege several tort claims

against United States Government entities and Federal officials. It is unclear whether Mr.

Capelouto seeks to bring the same actions in this Court.

In the event Mr. Capelouto seeks to bring the claims under docket number 10-CV-03761

here, this Court does not possess jurisdiction to entertain such an action for two reasons. First,

pursuant to 28 U.S.C. § 1500, this Court may not exercise jurisdiction over a claim if the same

claim is pending against the United States in another forum at the time the complaint is filed

here. Section 1500 provides:

> The United States Court of Federal Claims shall not have
> jurisdiction of any claim for or in respect to which the plaintiff or
> his assignee has pending in any other court any suit or process
> against the United States or any person who, at the time when the
> cause of action alleged in such suit or process arose, was, in respect
> thereto, acting or professing to act, directly or indirectly under the
> authority of the United States.

28 U.S.C. § 1500. "[T]he purpose of section 1500 is to protect the United States from having to

defend against the same claim in two different courts at the same time." Jachetta v. United

States, 94 Fed. Cl. 277, 281 (2010).

In order to determine whether section 1500 applies, the Court "must make two inquiries:

9

first, whether the newly filed claims arise from the same set of operative facts and seek the same

relief as the earlier-filed claims and second, whether the earlier-filed claims are in fact pending in

another forum." Id. at 281-82 (citing Tohono O'Odham Nation v. United States, 559 F.3d 1284,

1287-88 (Fed. Cir. 2009), cert. granted, – U.S. –, 130 S.Ct. 2097 (2010); Loveladies Harbor, Inc.

v. United States, 27 F.3d 1545, 1551 (Fed. Cir. 1994)). Thus, if Mr. Capelouto seeks to bring the

same claims and to seek the same relief in this Court that he is seeking in the Northern District of

Georgia, section 1500 bars this Court from exercising jurisdiction to hear such an action. See

Jachetta, 94 Fed. Cl. at 281-82 (holding this Court does not possess jurisdiction to hear claims

filed by plaintiff in this Court in light of identical earlier-filed claims in district court); see also

Trusted Integration, Inc. v. United States, 93 Fed. Cl. 94, 98-104 (2010) (holding plaintiff's suit

must be dismissed pursuant to section 1500 because this suit is based upon the same claim as

plaintiff's claim in district court and seeks the same type of relief).

Further, even if Mr. Capelouto's 10-CV-03761 action were not pending in the Northern

District of Georgia, this Court would lack jurisdiction to entertain it. In that complaint, Messrs.

Capelouto and Favre alleged that the United States Government defendants engaged in the torts

of negligent misrepresentation and issuing an illegal search and seizure warrant. Negligent

misrepresentation sounds in tort and, accordingly, this Court lacks jurisdiction to hear such a

claim. See Federico v. United States, 70 Fed. Cl. 378, 387 (2006) (holding that the Court did not

possess jurisdiction to hear tort claims of intentional and negligent misrepresentations). Their

claim regarding the issuing of an illegal search and seizure warrant amounts to an abuse of

process claim, which also sounds in tort and, accordingly, is beyond this Court's jurisdiction.

See Lowe v. United States, 76 Fed. Cl. 262, 265-66 (2007) (holding that the Court does not

10

possess jurisdiction to entertain plaintiff's abuse of process claim and other claims because they sound in tort).[3]

As for the amended complaint against DOD and DCMA filed under Northern District of Georgia docket number 10-CV-03561, we have been unable to locate case information about this action through the PACER system. An unrelated case is docketed under that number. As discussed above, if Mr. Capelouto has in fact brought that action — a negligence claim — in the Northern District of Georgia, he is barred from bringing it here pursuant to 28 U.S.C. § 1500. See, e.g., Jachetta, 94 Fed. Cl. at 281. Again, even if Mr. Capelouto seeks to bring the negligence claim for the first time in this Court, it does not possess jurisdiction to entertain it because such a claim sounds in tort. See, e.g., Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (holding that the Court of Federal Claims did not err in concluding that it lacked subject matter jurisdiction to hear plaintiff's professional negligence claim).

## CONCLUSION

For the reasons stated above, we respectfully request that the Court dismiss plaintiff's complaint.

Respectfully submitted,

TONY WEST
Assistant Attorney General

---

[3] Abuse of process is defined as "[t]he improper and tortious use of a legitimately issued court process to obtain a result that is either unlawful or beyond the process's scope." Black's Law Dictionary 10 (7th ed. 1999).

11

JEANNE E. DAVIDSON
Director

ALAN J. LO RE
Assistant Director

ANTONIA R. SOARES
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L St., NW, Room 11058
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Telephone:  (202) 305-7405
Facsimile:  (202) 514-7965

December 20, 2010                    Attorneys for Defendant

12

## **CERTIFICATE OF FILING**

I certify under penalty of perjury that, on this the 20th day of December, 2010, I caused to be served via first-class mail, postage-prepaid, "DEFENDANT'S MOTION TO DISMISS," as follows:

Dale Capelouto
P.O. Box 55064
Atlanta, GA 30308

Estelle Brown

JS 44 (Rev. 12/07) **CIVIL COVER SHEET** 1:10-CV-3757

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Glenn Royce Favre, et. al.

**DEFENDANTS**
Movnant 26 09-AP-09-9069/9075 Enjoined By All Defendants Named in 08-BK-85264-MHM

**(b)** County of Residence of First Listed Plaintiff    Fulton
(EXCEPT IN U.S. PLAINTIFF CASES)

TCB

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
United States of America
(E.U.O.S.T)
202-256-5600

Attorneys (If Known)
MONICA GILROY, Corporate Counsel SunTrust Mortgage, Old
TINA FISHER, Corporate Counsel, Republic, SunTrust Bank Holdings
ALICE HUNEYCUTT, Fidelity Financal Services, Goldman Sachs Grp.

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
522 (b) 3
Brief description of cause:
CIVIL R.I.C.O. Other Fraud, Wilful Malicious Intent To Harm Borrowers). Retro Active Civil False Claims.

**VII. REQUESTED IN COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
700,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):
JUDGE  MARGARET MURPHY
DOCKET NUMBER  08-BK-85264-MHM

DATE
10/28/2010
SIGNATURE OF ATTORNEY OF RECORD
Glenn Favre Pro Se

**FOR OFFICE USE ONLY**
RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE  SSC  MAG. JUDGE_____

# United States Bankruptcy Court

### __NORTHERN__   District Of   __GEORGIA__

| | |
|---|---|
| In re ,GLENN ROYCE FAVRE, 8670, | ) |
| Debtor | ) Case No. 08-85264-MHM |
| | ) |
| TOP TO BOTTOM RENOVATION, EMC | ) Chapter IFP GOVT PROOF OF CLAIM |
| SEARCH & DALE CAPELOUTO, | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| 08-85264-MHM OR TO SHOW CAUSE, | ) Adv. Proc. No. 08-85264-MHM |
| Defendant | ) |

## NOTICE OF ENTRY OF JUDGMENT

On _____4/11/2009_____, the following order (judgment) was entered on the docket:
_(date)_

I certify that on this date a copy of this notice was mailed to the following:

_____

Clerk of the Bankruptcy Court
REGINA THOMAS

__MARCH 22, 2010__                   By:   _____
_Date_                                           Deputy Clerk
                                                 HILLARD DILLARD

American LegalNet, Inc.
www.USCourtForms.com